McKINNEY et al., Appellees,

v.

McCLURE, Appellant.

[Cite as *McKinney v. McClure* (1995), 102 Ohio App.3d 165.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA94–09–171.

Decided March 27, 1995.

*John F. Holcomb*, Butler County Prosecuting Attorney, and *Terri King*, Child Support Enforcement Agency, Assistant Prosecuting Attorney, for appellees.

*Rene M. LaForte*, for appellant.

WALSH, Presiding Judge.

Defendant-appellant, Carlton McClure III, appeals from a judgment of the Butler County Court of Common Pleas, Juvenile Division, affirming a referee's report overruling his motion to have counsel appointed to represent him on custody and visitation issues in a child support action brought against him.

This action was initiated on April 21, 1994 as a child support action brought by the Butler County Child Support Enforcement Agency on behalf of plaintiffs-appellees, Darlene McKinney and the state of Ohio. The issue of paternity had already been established by administrative order dated October 19, 1993, whereby appellant was found to be the natural father of Daniel Lebron Clements and Gabriella Mae Clements, born to Darlene McKinney on April 26, 1993. On May 17, 1994, appellant requested that counsel be appointed to represent him in the support proceedings. The court determined that appellant was indigent and ordered that counsel be appointed to represent him by entry dated May 20, 1994.

Throughout the course of the proceedings, appellant requested that counsel represent him on custody and visitation matters regarding the children for whom this support action was brought. As counsel was appointed to represent appellant only on the support matter, appellant requested, by oral motion, that the court appoint counsel to represent him on the issues of custody and visitation. In her report filed on June 21, 1994, the referee established a support order, adopted the administrative order establishing paternity, and denied appellant's motion for appointed counsel.

On June 29, 1994, appellant filed an objection to that portion of the referee's report denying his motion for appointed counsel. Following a hearing on August 24, 1994, the trial court overruled appellant's objection and adopted the report of the referee in an entry dated August 30, 1994.

On appeal, appellant argues that the trial court erred in refusing to appoint counsel to represent him on the issues of child custody and visitation. We agree.

Juv.R. 4(A) provides in relevant part:

"Every party shall have the right to be represented by counsel and every * * * parent * * * the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile proceeding."

Similarly, R.C. 2151.352 provides in relevant part:

"A child [or] his parents * * * [are] entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to

employ counsel, to have counsel provided for him pursuant to Chapter 120. of the Revised Code."

Accordingly, Juv.R. 4(A) and R.C. 2151.352 guarantee the right to appointed counsel for all indigent parties in juvenile court proceedings. See *Lowry v. Lowry* (1984), 48 Ohio App.3d 184, 188, 549 N.E.2d 176, 179. Appellant, being the natural father and parent of the children, is a "party" to a juvenile court proceeding as that term is defined in Juv.R. 2(16). Appellant is also an "indigent person" as that term is defined in Juv.R. 2(12); moreover, the trial court specifically found appellant to be indigent by judgment entry dated May 20, 1994.

■ The right to appointed counsel applies to all matters properly brought before the juvenile court, including custody and visitation issues. See *Holley v. Higgins* (1993), 86 Ohio App.3d 240, 620 N.E.2d 251 (indigent grandparent seeking visitation rights entitled to court-appointed counsel); *In re Stover* (Sept. 9, 1993), Guernsey App. No. 92–CA–15, unreported, 1993 WL 385313 (indigent mother entitled to court-appointed counsel in custody suit).

Therefore, pursuant to Juv.R. 4(A) and R.C. 2151.352, the trial court should have appointed counsel to represent appellant on the issues of child custody and visitation, which were related to the underlying support action. As such, the trial court erred in affirming that portion of the referee's report which overruled appellant's motion to have counsel appointed to represent him on these issues. Appellant's assignment of error is accordingly sustained. The judgment of the trial court with regard to appellant's motion for appointed counsel is reversed. This cause is remanded to the trial court for consideration of custody and visitation issues, with instructions to the court to appoint counsel to represent appellant on those issues if appellant is still indigent and desires appointed counsel.[1]

*Judgment reversed*
*and cause remanded.*

KOEHLER and WILLIAM W. YOUNG, JJ., concur.

---

1. As appellant has not objected to or challenged on appeal the other portions of the trial court's judgment relating to the support order and establishment of paternity, there is no need to retry these issues on remand.