OPINION
Appellant, Angela E. Caputo, ("Mother") proceeding pro se, appeals an order of the Butler County Court of Common Pleas, Juvenile Division, granting legal custody of Tara Caputo to appellant's ex-husband and Tara's father, Greg Caputo ("Father").
Tara Caputo and her brother, Brandon Caputo, are the natural children of Mother and Father who have been divorced since July 18, 1988. Mother was legal custodian of both children until March 28, 1996 when the Butler County Children Services Board, ("BCCSB") filed a complaint in the Butler County Court of Common Pleas, Juvenile Division, alleging that Tara was an abused child pursuant to R.C. 2151.031 and a dependent child pursuant to R.C.2151.04. A complaint was also filed alleging that Brandon was a dependent child pursuant to R.C. 2151.04. Temporary custody of Tara was granted to Father through an ex parte order. Mother continued to be legal custodian of Brandon.
A shelter care hearing was scheduled for April 17, 1996. Mother and Father were represented by retained counsel and Tara and Brandon were represented by a guardian ad litem. All parties waived a formal hearing. Father's temporary custody of Tara was continued and visitation was ordered between Tara and Mother. The court further ordered that Tara attend individual counseling.
An adjudication hearing was held on July 30, 1996. All parties agreed that Tara was a dependent child and that the abuse allegations would be withdrawn. As part of the agreement, the allegation of dependency regarding Brandon was withdrawn. After ascertaining that Mother and Father freely and knowingly waived their rights to a contested dependency trial, the trial court accepted the agreement, found that there was clear and convincing evidence of dependency and found Tara to be a dependent child pursuant to R.C. 2151.04. Father retained temporary custody of Tara.
A review hearing was conducted on January 27, 1997. At this hearing Father was represented by retained counsel, but Mother was not. After considering the evidence, the trial court granted legal custody of Tara to Father. Mother filed the instant appeal pro se and sets forth five assignments of error. Mother's first, second, and third assignments of error will be considered together as they turn on whether the July 30, 1996 finding of dependency was a final appealable order.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT MOTHER BECAUSE THE INFORMATION THAT WAS SUPPLIED BY SOCIAL WORKER DEBBIE COLLINSRISHEILL REGARDING CHILD ABUSE WAS FALSE AND THE THOROUGHNESS OF HER INVESTIGATION SHOULD HAVE BEEN REVIEWED.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED BY GIVING TEMPORARY CUSTODY OF TARA CAPUTO TO GREG CAPUTO, FATHER, AFTER THE EX PARTE COURT ORDER WAS ISSUED BECAUSE GREG CAPUTO WAS THE ADULT WHO WAS MAKING THE REFERRALS TO CHILDREN'S SERVICES AND ALSO TO SHARONVILLE POLICE OFFICERS. PRIOR TO THESE FALSE STATEMENTS HE WAS INTERFERING WITH CUSTODY OF TARA CAPUTO AND BRANDON CAPUTO AND CONTRIBUTING TO THE UNRULINESS OF TARA CAPUTO.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE MOTHER BY ALLOWING A PLEA BARGAIN FOR DEPENDENCY. DEPENDENCY IS NOT SOMETHING THAT SHOULD BE BARGAINED FOR. IT MUST BE SHOWN AS CLEAR AND CONVINCING.
The first issue we must address is whether the July 30, 1996 hearing resulted in a final appealable order. "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60. "An order that provides for temporary custody following an adjudication of dependency affects a substantial right." In re Kinstle (Mar. 6, 1998), Logan App. Nos. 8-97-27, 8-97-28, 8-97-29, 8-97-30, 8-97-31, 8-97-32, unreported, at 6, following In re Murray (1990), 52 Ohio St.3d 155. Furthermore, dispositional orders continuing temporary custody or modifying temporary custody following the original adjudication affect a substantial right. In re Kinstle, following In re Patterson (1984), 16 Ohio App.3d 214.
Accordingly, the juvenile court's finding of dependency and continuation of temporary custody to Father on July 30, 1996 was a final appealable order. In order to initiate an appeal, a party must file a notice of appeal "within thirty days of the date of the order or judgment appealed from." App.R. 4. The failure of Mother to appeal from the July 30, 1996 order precludes consideration of her first three assignments of error at this time. Mother's first, second and third assignments of error are overruled because they are based on the July 30, 1996 finding of dependency and granting of temporary custody to Father which was a final appealable order.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE MOTHER BY GRANTING PERMANENT CUSTODY OF TARA TO HER FATHER WHO DID NOT FOLLOW THE CASE PLAN DOCUMENT REGARDING THERAPY.
The applicable standard of review in determining child custody matters is abuse of discretion. In re Chenault Children (July 28, 1997), Stark App. No. 1996CA00211, unreported, at 4. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Id., following Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
We note that the court did not grant Father "permanent" custody, but granted Father "legal" custody. This court has held that there is a "significant difference between a court's granting of legal custody and permanent custody." In re Coffey (Jan. 26, 1998), Madison App. No. CA97-05-021, unreported, following In re Hitchcock (Nov. 21, 1996), Cuyahoga App. Nos. 69291, 69292, unreported, at 19. "One of the most obvious differences between the two dispositions is that the parent's rights to the child are completely terminated when permanent custody is awarded while residual parental rights remain under legal custody." Id.
The evidence presented was such that the trial court considered the best interest of Tara in making the determination that Mother should be divested of legal custody of Tara. The record indicates that Mother was physically abusive to Tara, that Tara and her Mother "were unable to work out their problems," and that Tara did not want to live with her Mother anymore. Evidence was also presented that Tara was doing well in Father's custody and that despite some initial problems at school, she had made improvement.
Our review of the record fails to reveal that the trial court abused its discretion in granting legal custody of Tara to Father. There was competent, credible evidence supporting the trial court's decision that granting legal custody of Tara to Father was in Tara's best interest. Appellant's fourth assignment of error is overruled.
Assignment of Error No. 5:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT MOTHER BECAUSE THE MOTHER WAS REPRESENTED BY INEFFECTIVE COUNSEL AND WAS ALSO ABANDONED BY HER ATTORNEY IN THE JANUARY HEARING IN WHICH PERMANENT CUSTODY WAS AWARDED TO THE FATHER, GREG CAPUTO. MOTHER HAD NO PRIOR NOTIFICATION THAT ATTORNEY MYRON WOLF WAS GOING TO WITHDRAW FROM THE CASE AND DID NOT HAVE TIME TO PREPARE OR ENGAGE OTHER COUNSEL.
Mother argues that the court erred by permitting her counsel to withdraw on the January 27, 1997 hearing date before the proceedings began. Mother essentially contends that she had a right to counsel and that the trial court erred in allowing her counsel to withdraw without permitting her time to either retain new counsel or prepare as a pro se petitioner.
This court has held that the "right to appointed counsel applies to all matters properly brought before the juvenile court, including custody and visitation issues." McKinney v. McClure (1995), 102 Ohio App.3d 165, 167. However, the proceedings at issue in McKinney were initiated on April 21, 1994. In deciding McKinney, this court would have relied on the version of Juv. R. 4 which was in force at the time the proceedings were initiated. However, Juv. R. 4 was amended on July 1, 1994 to include the following underlined language:
 Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. When the complaint alleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child. This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute. (Emphasis added.)
Pursuant to the amended language of Juv. R. 4 we must determine whether a statute or constitution provides for the right to counsel in a change of legal custody between parents. Our research has failed to reveal any statute granting a party the right to counsel in a proceeding to change custody between two parents. Furthermore, change of legal custody between two parents does not rise to the level of termination of parental rights for which courts have recognized a constitutional right to counsel exists.
In In Re Santiago (Jan. 8, 1998), Delaware App. No. 97CAF03008, unreported, the Fifth Appellate District held that the 1994 amendment to Juv. R. 4 created a "legislative and/or rule-making problem that should be addressed." The court held that "it makes no sense that in a domestic relations case involving a marriage and legitimate children, an indigent person is not entitled to appointed counsel. While in a paternity case involving illegitimate children, an indigent person is afforded appointed counsel." Id. Notwithstanding, the court held that the parent had a right to counsel based on its prior holding in Weatherbee v. Carpenter (Oct. 25, 1996), Knox App. No. 96-CA-14, unreported, which determined that an indigent party is entitled to court appointed counsel in all juvenile court proceedings. However, as the well-written dissent in Santiago points out, Weatherbee relied on In re Stover (Sept. 9, 1993), Guernsey App. No. 92-CA-15, unreported, which was decided before Juv. R. 4(A) was amended in July, 1994.
Accordingly, pursuant to Juv. R. 4(A), we find that there is no statutory or constitutional right to counsel in a proceeding to change legal custody between parents. In the instant case, Mother's counsel was permitted to withdraw. As Mother did not have a right to counsel at this stage in the proceedings, the trial court was under no duty to offer Mother a continuance or to appoint counsel. Mother failed to ask for a continuance and proceeded to present her arguments pro se.
Based upon the foregoing, we find that while Mother had a right to be and was represented by counsel (appointed counsel if she was indigent) during the dependency proceedings, once a finding of dependency was made and temporary custody was transferred to Father, Mother no longer had a constitutional or statutory right to be represented by counsel during the phase of the proceedings which determined legal custody between Mother and Father. Accordingly, Mother's fifth assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.