OPINION
Appellant, Tracey (Kirby) Reavis, appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, granting temporary custody of her two minor children, Carl and Kayla, to their father, Carl Eskins.
Carl and Kayla are the natural children of appellant and Eskins. While the children were residing with appellant in February 1997, the Butler County Children's Services Board ("BCCSB") filed a complaint alleging that Carl and Kayla were neglected and dependent children. A pretrial hearing was held on March 17, 1997, and a magistrate scheduled adjudication and disposition hearings for May 29, 1997.
At the hearing on May 29, 1997, the parties agreed to an adjudication of dependency for both Carl and Kayla and the BCCSB withdrew the neglect allegations. The magistrate determined that the parties knowingly and voluntarily waived their right to contest dependency and proceeded to conduct a dispositional hearing. After Eskins and appellant testified and produced witnesses, the hearing was continued in progress until June 3, 1997. The record does not contain a transcript of the hearing held on June 3, 1997. However, the magistrate's entry indicates that the parties rested and waived closing argument at this hearing.
On June 20, 1997, the magistrate issued a decision adjudicating the children dependent and granting temporary custody of Carl and Kayla to Eskins. Although the record does not disclose a motion for a continuance made by appellant, the magistrate's decision also stated "pre-trial motion made for continuance made by counsel for mother was denied." On July 7, 1997, appellant, represented by new counsel, filed objections to the magistrate's decision. After holding a hearing on September 16, 1997, the trial court overruled appellant's objections and affirmed the decision of the magistrate.
On appeal, appellant assigns two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED BY REFUSING TO GRANT THE MOTHER'S MOTION TO CONTINUE THE CASE TO ALLOW HER RECENTLY-RETAINED COURT-APPOINTED ATTORNEY TO SUBPOENA, PREPARE AND PRESENT WITNESSES.
Assignment of Error No. 2:
 THE MOTHER DID NOT HAVE EFFECTIVE ASSISTANCE OF COUNSEL IN THAT HER APPOINTED ATTORNEY HAD NOT PREPARED TO CALL WITNESSES AT THE MAGISTRATE'S HEARING.
In her first assignment of error, appellant asserts that the trial court erred by denying her motion for a continuance. A trial court has broad discretion when determining whether to grant or deny a motion for a continuance. State v. Unger (1981),67 Ohio St.2d 65, 67; Sayre v. Hoelzle-Sayre (1994), 100 Ohio App.3d 203,208. Thus, absent an abuse of discretion, a trial court's denial of a motion for a continuance will not be reversed. Id. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In ruling upon a motion for a continuance, "the trial court balances the court's interest in controlling its docket and the public's interest in an efficient judicial system with the possibility of prejudice to the defendant." Sayre at 208, citing Unger at 67. The trial court may consider factors such as the length of the delay requested, prior requests for continuances, the legitimacy of the request for a continuance, whether the movant contributed to the circumstances which gave rise to the request for a continuance, inconvenience to the parties, counsel, and the court, and "other relevant factors, depending on the unique facts of each case." Id.
In the present case, appellant argues that since the magistrate denied her motion for a continuance prior to the dispositional hearing, her "recently-retained court-appointed attorney" was denied an opportunity to subpoena, prepare and present witnesses. Appellant and her attorney were present at the pretrial hearing held on March 17, 1997 where the magistrate scheduled the adjudication and disposition hearings for May 29, 1997. An entry formally appointing appellant's attorney was entered on March 19, 1997. Thus, since appellant and her attorney had more than two months to "subpoena, prepare and present witnesses" for the dispositional hearing, the reason for the requested continuance does not appear to be legitimate. Further, the record supports a finding that appellant was responsible for the circumstances that gave rise to the need for a continuance. At the hearing on appellant's objections to the magistrate's decision, Eskins' counsel and the guardian ad litem indicated that appellant had not given her attorney a list of witnesses until the morning of the dispositional hearing despite efforts by her attorney to obtain a list earlier.
The record also reveals that the inconvenience to the parties, counsel, and the court would have been significant if a continuance was granted. The magistrate, Eskins, the guardian ad litem, and BCCSB were present and prepared to proceed with the scheduled hearing. Further, since appellant maintained custody of Carl and Kayla for the period between the filing of the complaint alleging neglect and dependency and the scheduled hearing, the need for a disposition without further delay was important to the children as well as the parties and the court.
Finally, the record does not show that appellant was prejudiced by the denial of her motion for a continuance. After appellant and her boyfriend testified at the hearing on May 29, 1997, the magistrate asked appellant's counsel whether he planned to present any additional witnesses. Although appellant's counsel indicated that he did not wish to present any additional witnesses, the magistrate continued the hearing in progress until June 3, 1997. Thus, appellant was provided with an opportunity to secure the attendance of additional witnesses on her behalf. See In Re Noe (July 21, 1997), Butler App. Nos. CA96-10-217, CA96-11-224, unreported.
Based upon the foregoing reasons, we conclude that the trial court did not abuse its discretion by denying appellant's motion for a continuance. Accordingly, appellant's first assignment of error is overruled.
In her second assignment of error, appellant asserts that she received ineffective assistance of counsel. Appellee responds that since the proceedings involved a custody dispute between parents, appellant did not have the right to counsel and cannot complain that she received ineffective assistance of counsel.
Based upon a former version of Juv.R. 4(A), this court previously held that the "right to appointed counsel applies to all matters properly brought before the juvenile court, including custody and visitation issues." McKinney v. McClure (1995), 102 Ohio App.3d 165,167. However, due to a recent amendment of Juv.R. 4(A),[1] we issued a decision on April 13, 1998 which held that a parent did not have a constitutional or statutory right to be represented by counsel during proceedings in juvenile court which changed legal custody of a child between parents. In the Matter of Caputo (Apr. 13, 1998), Butler App. No. CA97-02-032, unreported. On May 20, 1998, the Supreme Court of Ohio issued a decision which held that pursuant to R.C. 2151.352,[2] indigent parents have a statutory right to appointed counsel in all juvenile proceedings and "the amendment of Juv.R. 4(A) does not abrogate that right." State ex rel. Asberry v. Payne (1998),82 Ohio St.3d 44, 48. Therefore, we find that appellant had a right to counsel in the present case.
The statutory right to appointed counsel under R.C. 2151.352
expands beyond the state and federal constitutional requirements. Asberry at 46. Nonetheless, this court and other Ohio courts have found that the right to counsel under R.C. 2151.352 encompasses the right to effective assistance of counsel. See, e.g., In re Brodbeck (1994), 97 Ohio App.3d 652 (applying ineffective assistance doctrine where permanent custody granted to agency); In the Matter of Coffey (Jan. 26, 1998), Madison App. No. CA97-05-021, unreported (applying ineffective assistance doctrine where legal custody granted to a relative); In the Matter of Lannom (Dec. 12, 1997), Clark App. No. 96-CA-64, unreported (applying ineffective assistance doctrine where temporary custody granted to agency); Hunter v. Harrison (Mar. 30, 1995), Cuyahoga App. No. 67287, unreported (applying ineffective assistance doctrine in paternity action). In analyzing whether a parent has received effective assistance of counsel in a juvenile proceeding, the standard for effective assistance of counsel in a criminal context has been utilized. Id.
In order to establish a claim of ineffective assistance of counsel, it must be shown that an attorney's performance was deficient and prejudicial. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 1052, 1064. In order to establish deficient performance, a defendant must show that, under the totality of the circumstances, counsel's representation fell below an objective standard of reasonableness. Strickland at 688,104 S.Ct. at 2064. A court "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 694, 104 S.Ct. at 2065. In order to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland at 694, 104 S.Ct. at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" of the proceeding. Id.
Appellant argues that her attorney was ineffective because he failed to communicate with her prior to the hearing on May 29, 1997. The record does not reflect how many times appellant met with her attorney prior to the hearing nor does it contain any evidence that the failure to communicate was caused by her attorney. Thus, appellant has failed to show that her attorney was ineffective. See In Re Wise (1994), 96 Ohio App.3d 619, 627.
Even assuming that appellant's counsel was ineffective for failing to communicate with her, appellant has also failed to establish prejudice. Appellant argues that if her trial counsel would have communicated with her, six additional witnesses could have been produced at the hearing to testify that she is a fit mother. However, appellant does not refer to any specific evidence that would have been favorable and acknowledges that "it is impossible to say what exactly those six witnesses would have said." Without any specific reference to favorable evidence, this court cannot find that there is a reasonable probability that the result of the dispositional hearing would have been different if the six witnesses would have testified. See In Re Kirk (Jan. 21, 1997), Butler App. No. CA96-03-051, unreported. Accordingly, appellant has failed to show that her attorney's performance was deficient and prejudicial and her second assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] Juv.R. 4(A) was amended effective July 1, 1994 to include the following underlined language:
 Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. * * * This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute.
[2] R.C. 2151.352 provides in relevant part:
 A child, his parents, custodian, other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to employ counsel, to have counsel provided for him pursuant to Chapter 120. of the Revised Code.