OPINION
{¶ 1} The plaintiff-appellant, Kellis Hatton, pro se, appeals the September 28, 2004 judgment of the Defiance County Juvenile Court denying him appointed counsel and visitation rights.
 {¶ 2} On August 17, 2004, Hatton, who was incarcerated,[1] filed a complaint for visitation rights pursuant to R.C. 3109.12 and 3109.051 and a motion for appointment of counsel pursuant to R.C. 2151.352 and Juv.R. 4(A). Furthermore, Hatton filed an affidavit of indigency with the complaint and the motion for appointment of counsel.
 {¶ 3} The record indicates that Kellis Chino Hatton III was born of issue to Monica Ankney and Hatton on May 22, 2002. On May 29, 2002, Hatton was sentenced to four years and three months incarceration. Early in Hatton's prison term, Ankney brought the child to the prison for visitation purposes. However, after a year, Ankney stopped bringing their son to visit Hatton, but continually maintained verbal contact with him.
 {¶ 4} Hatton initiated this lawsuit to obtain court ordered visitation rights. On September 16, 2004, a hearing was held in the Defiance County Juvenile Court. The court denied both of Hatton's requests. The court stated:
Court notes that Mr. Hatton is currently incarcerated under sentence ofthe general division of this court, and that this action was filed fromOakwood Correctional Facility in Lima, Ohio. The court allowed plaintiffto proceed in form of prosperous [sic] based upon an affidavit ofindigency, and issued summons to the defendant for this date. The courtdid not grant the motion for the appointment of counsel, as the soleissue is visitation, and such appointment is not required under currentrules of the Ohio Supreme Court.
 On the 16th of September, 2004, the defendant appeared pro se, and thecourt proceeded to hearing, accepting the complaint and memorandum insupport as the position, in argument, of the plaintiff. The courtproceeded to inquire of the defendant as to any reasons she has for nottaking the minor child of the parties, Kellis Chino Hatton III, now twoyears and four months old [sic]. Miss Ankney, the natural mother of saidchild, expressed to the court her reasons for believing that visitationat the Oakwood Correctional Facility was not appropriate and mostimportant being the child's very young age and that she did not believechildren of such young age should be visiting in a prison facility. Otherreasons expressed were not relevant (transportation, etc.).
 The court has reviewed the three cases cited by the plaintiff in hismemorandum, and agrees that incarceration alone does not prohibitvisitation. However, none of those cases require visitation with anincarcerated parent. Were the child on this case [sic] to be of anunderstanding age, the court would be more inclined to consider reliefprayed for in plaintiff's complaint, however, it is the court[`]s feelingthat the defendant is correct in her believe [sic] that a child of only26 months age [sic] should not be subjected to the setting of acorrectional institution. The court notes that Mr. Hatton will beeligible for release in approximately two years of which time the childwill be barely four [sic]. The court further notes that this child is notalone in being without the ability to visit father [sic], and that manyfathers of extremely young children are currently serving lengthy toursin the United States Military, in far away places such as Afghanistan andIraq, and also do not have an ability to have visitation with theirchildren of the same age [sic]. In both instances children will be youngenough upon their fathers return [sic] to establish a parent/childrelationship. * * *
Judgment Denying Appointment of Counsel and Visitation. Hatton appeals alleging two assignments of error. The assignments will be consolidated for the sake of judicial economy.
The trial court[']s determination and finding that theplaintiff/appellant[']s request for court appointed counsel is notrequired under the current rules of the ohio supreme court is based uponthe abuse of discretion of the trial court judge.
 The trial court[']s determination and finding that theplaintiff/appellant['] request for visitation while incarcarated is notwell founded is base[d] upon the abuse of discretion of the trial courtjudge.
 {¶ 5} We begin with whether Hutton has a legal right to obtain appointed counsel for a visitation proceeding. R.C. 2151.352 states:
A child, his parents, custodian, or other person in loco parentis ofsuch child is entitled to representation by legal counsel at all stagesof the proceedings and if, as an indigent person, he is unable to employcounsel, to have counsel provided for him pursuant to Chapter 120. of theRevised Code. If a party appears without counsel, the court shallascertain whether he knows of his right to counsel and of his right to beprovided with counsel if he is an indigent person.
R.C. 2151.352 (emphasis added).
 {¶ 6} In State ex rel. Asberry v. Payne (1998), 82 Ohio St.3d 44,693 N.E.2d 794, the Ohio Supreme Court held that an indigent grandmother who was in loco parentis to a child had a legal right to appointed counsel in a custody proceeding. The Court stated, "[t]herefore, under the plain language of R.C. 2151.352, indigent children, parents, custodians, or other persons in loco parentis are entitled to appointed counsel in all juvenile proceedings." Id. at 48 (emphasis in original); see also, McKinney v. McClure (1995), 102 Ohio App.3d 165, 167,656 N.E.2d 1310 ("The right to appointed counsel applies to all matters properly brought before the juvenile court, including custody and visitation issues.").
 {¶ 7} Based on the ruling in Asberry, Hutton, an indigent father, does have a legal right to appointed counsel in his attempt to obtain visitation rights of his child. Thus, the first assignment of error is sustained.
 {¶ 8} In accordance with the foregoing conclusion, we need not address Hutton's second assignment of error. This case is remanded to the juvenile court for a visitation proceeding in accordance with the ruling in this case.
Judgment reversed and cause remanded.
 Cupp, P.J., and Rogers, J., concur.
[1] The record indicates that Hatton is incarcerated until 2006.