EASH, APPELLANT, *v.* EASH, APPELLEE.

(No. 1888—Decided March 15, 1984.)

*Mr. Mark W. Altier,* for appellant Debbie A. Eash.

*Mr. William H. H. Wertz,* for appellee Wayne E. Eash.

BAIRD, P.J. The parties to this action were divorced on December 23, 1980. Plaintiff was granted custody of their minor child, Steven. On January 12, 1983, defendant moved for a change of custody. On April 19, 1983, the referee heard evidence on defendant's motion and on April 28, 1983, the referee recommended that custody be changed to defendant. Plaintiff filed objections to the referee's report, which the court overruled. On May 20, 1983, the court ordered the change of custody. Plaintiff appeals. We shall treat her assignments of error in reverse order.

Assignment of Error II

"The appellant was denied rights below in that on this most important issue the trial court failed to afford her the independent and careful consideration of the referee's report and recommendation which the law requires."

Plaintiff filed objections to the referee's report, requested a hearing on those objections, and asked the court to order a transcript of the proceedings before the referee. Plaintiff complains because she was not afforded a hearing and the court did not order a transcript of proceedings. Plaintiff did not request an opportunity to present additional evidence, made no proffer of evidence she would have presented at a hearing, and can demonstrate no prejudice from the court's refusal to grant a hearing. *Dobbins* v. *Dobbins* (Jan. 11, 1984), Summit App. No. 11239, unreported.

The party objecting to the referee's report bears the burden of providing the trial court with a transcript of the proceedings before the referee to support the objections to that report. *Ohio Edison Co.* v. *Elbert Bros. Roofing Inc.* (Dec. 21, 1983), Lorain App. No. 3530, unreported; and *Kenney* v. *Kenney* (Feb. 8, 1984), Summit App. No. 11300, unreported. While the burden is on the objecting party to provide a transcript of the proceedings before the referee, Civ. R. 53 does not outline the procedure for obtaining the transcript. The court can order the transcript (see Civ. R. 53[E][1]), and in the absence of any specific procedure we conclude that it is not improper for the objecting party to include a request for the transcript in her objections to the referee's report. The decision to order the transcript lies

within the sound discretion of the trial court and may be conditioned on the performance of such prerequisites as the court deems necessary, such as guaranteeing the costs.

A transcript of proceedings is not required for the court to rule on the merits of all objections, but in this case plaintiff's objections are based on the manifest weight of the evidence. Resolution of manifest weight questions requires a review of the transcript, and the court's refusal to grant a request, subject to such conditions as the court may wish to impose, would be an abuse of discretion absent some significant articulated reason supporting the refusal. In this case the court did not act upon plaintiff's request, in effect denying the request without stating any reason. We conclude that this was an abuse of discretion, and find this assignment of error well-taken.

### Assignment of Error I

"The court below erred as a matter of law in its adoption of that portion of the referee's report and recommendation dealing with child custody in that said portion was entered in contradition of the manifest weight of the evidence adduced."

Pursuant to *Airwyke* v. *Airwyke* (Dec. 14, 1983), Wayne App. No. 1857, unreported, we cannot consider the transcript of the proceedings because it was not considered by the trial court. We are therefore unable to consider the merits of this assignment of error. The judgment appealed from is reversed, and the cause is remanded to the trial court for its consideration of plaintiff's objections in light of the transcript of proceedings before the referee.

*Judgment reversed*
*and cause remanded.*

MAHONEY and GEORGE, JJ., concur.