DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Greg Gribble, appeals the judgment of the Summit County Municipal Court, Small Claims Division. We affirm.
In October 1996, Gribble contracted with appellee Albert Chew, dba AA Concrete ("AA") to perform concrete work at his residence. Once the job was completed, Gribble informed AA he was dissatisfied with the work and refused to pay the balance of the contract until corrections were made. The parties were unable to resolve their dispute and AA filed suit in small claims court. Gribble counterclaimed.
The matter was heard by a magistrate who found Gribble had proven $105.75 in damages to a railing and $74.25 in damages to his yard. While the magistrate determined that one warped cement wall was also evidence of poor workmanship on the part of AA, he nevertheless concluded that Gribble had failed to prove damages for this item. The only other monetary figure Gribble provided was the estimate for totally reconstructing all the work. The magistrate concluded this warped wall did not require complete reconstruction and, therefore, awarded no damages for repair of the wall. The magistrate reduced the amount due on the contract by $180, the cost of repairing the railing and the lawn, and ordered judgment in favor of AA for the remaining balance. Gribble filed objections to the magistrate's report but the lower court adopted it in full. He now appeals, naming two assignments of error.
 I. The trial court erred to the prejudice of Defendant-Appellant in granting judgment for Plaintiff-Appellee on his claim for breach of contract and in not granting Defendant-Appellant's counterclaim for damages caused by Plaintiff-Appellee's poor workmanship rendered under the same contract.
Under this assignment of error, Gribble argues the judgment of the lower court was contrary to law and against the manifest weight of the evidence. In making this objection in the lower court and in arguing it on appeal, Gribble attempts to support his position by relying on evidence presented at the magistrate's hearing. However, when Gribble filed objections to the magistrate's report, he failed to submit a copy of the hearing transcript to the lower court.
The former Civ.R. 53(E)(6) provided, "The court may adopt any finding of fact in the referee's report without further consideration unless the party who objects to that finding supports that objection with a copy of all relevant portions of the transcript from the referee's hearing or an affidavit about evidence submitted to the referee if no transcript is available." That rule was amended effective July 1, 1995. The new rule, Civ.R. 53(E)(3)(b), simply states, "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Although the new version does not specifically give the lower court the right to adopt any finding of fact "without further consideration," we believe the lower court may still choose to do so where the objecting party fails to file a transcript in support of alleged factual errors. "The party challenging a judgment has the burden to file an adequate record with the reviewing court." Schafrathv. Schafrath (July 23, 1997), Wayne App. No. 96CA0063, unreported, citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. This is particularly so where there is a question of manifest weight of the evidence. "Resolution of manifest weight questions requires a review of the transcript." Eash v. Eash
(1984), 14 Ohio App.3d 298, 299.
Because the transcript of proceedings before the magistrate was not filed with the lower court, we cannot now consider that transcript on this appeal. Id. The proper standard of review in such cases, then, is whether the lower court, in light of the evidence before it, abused its discretion in adopting the magistrate's decision. Proctor v. Proctor (1988), 48 Ohio App.3d 55,60. Our review of the record, exclusive of the transcript, fails to demonstrate any abuse of discretion on the part of the trial court. The magistrate's conclusions of law were fully supported by his findings of fact. Gribble's first assignment of error is overruled.
 II. The trial court erred to the prejudice of Defendant-Appellant in finding that he failed to carry his burden of proof on his counterclaim for damages arising out of Plaintiff-Appellee's breach of contract.
Gribble attempts to make two arguments under this assignment of error. First, he argues it was error to refuse to grant his counterclaim for damages "where the record contains clear evidence of proof of damages." This has already been discussed. With no transcript, the lower court could reasonably conclude the record contained no such proof. Second, Gribble argues he did carry his burden of proof on his counterclaim for damages by presenting evidence of total damages, rather than itemizing the damages individually. In essence, he argues the court erred in finding a failure to prove damages for the one warped wall where Gribble presented no evidence of the cost of reconstructing just this wall but, rather, presented evidence as to the cost of total reconstruction. Civ.R. 53(E)(3)(b) states, "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Although Gribble did object to the magistrate's report, he did not object to the court's finding that he failed to prove damages by failing to itemize each item of poor workmanship. For this reason, we will not consider this error here. Gribble's second assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Akron Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ DANIEL B. QUILLIN
FOR THE COURT
BAIRD, J.
REECE, J.
CONCUR