DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant, Donald Michaels, appeals from the Elyria Municipal Court's award of money damages to appellee-plaintiff, Patricia Michaels. We affirm.
Patricia and Donald Michaels were divorced in 1993. Donald was awarded the marital residence, located at 5976 Denise Drive in North Ridgeville, as his separate property because he owned the house prior to the marriage. Patricia continued residing at this home after the divorce.
On April 6, 1996, Patricia moved out of the residence and left a note indicating that she would make arrangements to pick up her personal property. Patricia first stayed at a motel. She moved into an apartment on April 12. Around this time, Patricia went to the house to recover her belongings and found a note in Donald's handwriting taped to the door of the residence. This note requested a boarding fee for Patricia's pets and a storage fee for her personal property.
On April 25, Patricia called Donald and told him that she had arranged a truck to pick up her stuff on April 27. Donald responded to Patricia that she should be prepared to pay the bill. Patricia canceled the moving truck that she had arranged to pick up her belongings on April 27.
On May 6, 1996, Donald called Patricia at work and informed her that he had put her furniture and belongings out in the driveway of his residence. Patricia left work and moved two carloads of her property to her apartment before returning to work.
Patricia sought $10,000 in damages from Donald. Donald counter-claimed for damages incurred for boarding Patricia's pets and storing her personal property. Donald moved to dismiss on the basis that Patricia failed to state a claim upon which relief can be granted under Civ.R. 12(B)(6). On July 16, 1996, the Elyria Municipal Court denied Donald's motion and referred the case to a magistrate for a finding and recommendation pursuant to Civ.R. 53. A magistrate conducted an evidentiary hearing on December 19, 1996. The magistrate recommended a judgment for Patricia of $3,804 plus costs. Donald filed objections to the magistrate's report. The Elyria Municipal Court adopted the magistrate's report on February 12, 1997.
Donald timely appeals and raises two assignments of error.
 ASSIGNMENT OF ERROR I
The trial court erred by imposing a duty of care on the appellant to protect the appellee's property where no legal basis warranted the imposition of said duty of care.
In this first assignment of error, Donald argues that: (1) no bailment exists; (2) if a bailment exists, he exercised ordinary care by notifying Patricia, by putting plastic over the property, and by providing care for her pets; and (3) Patricia failed to mitigate her damages.
Civ.R. 53(E)(3)(b) provides in part:
 [a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Rogers v. Rogers (Dec. 17, 1997), Summit App. No. 18280, unreported, at 9; Rush v. Schlagetter (Apr. 15, 1997), Ross App. No. 96CA2215, unreported, 1997 Ohio App. LEXIS 1560, at *8. Furthermore, Civ.R. 53(E)(3)(b) "prescribes the form of objections and requires that they be specific; a general objection is insufficient to preserve an issue for judicial consideration." Civ. R. 53 Staff Note.
Donald's only objection regarding the magistrate's legal conclusion was the following:
 [Defendant] objects to the Referee's finding that Defendant "negligently damaged" Plaintiff's property as Plaintiff's complaint was for conversion and the Magistrate failed to find that Defendant had converted Plaintiff's property.
Donald failed to raise the following in his objections to the magistrate's report that he filed with the trial court: (1) that no duty exists; (2) that if a duty exists, he fulfilled that duty; and (3) that Patricia failed to mitigate her damages. As a result, we find that Donald is precluded from raising these contentions on appeal. Donald's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
The trial court erred by failing to take credible evidence regarding the value of the property allegedly damaged and thereby awarding the value of that damage to the appellee.
Donald contends that no credible evidence exists to support the trial court's valuation of damages because Patricia testified that her furniture and personal belongings were not worth $10,000. Donald further alleges that it was improper for the trial court to assign a value to the items in a particular exhibit because no evidence to the value of these items was introduced at trial.
An appellate court determines whether a trial court abused its discretion by adopting a magistrate's report in light of the evidence before the trial court. Proctor v. Proctor (1988),48 Ohio App.3d 55, 60. Civ.R. 53(E)(3)(b) maintains in part:
 [a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.
An appellate court cannot consider a transcript on appeal that was not filed with the lower court before it made its judgment. Stateex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728,730; Eash v. Eash (1984), 14 Ohio App.3d 298, 299.
The record demonstrates that Donald failed to file the videotape or a transcript of the proceedings in the trial court when he filed his objections to the magistrate's report. In light of the photographs and lists of property with valuations presented to the trial court, we find that the trial court did not abuse its discretion in adopting the magistrate's final award for damages.
Donald's two assignment of errors are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Elyria Municipal Court to carry this judgment into execution.
A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, J.
DICKINSON, J. CONCUR.