This is an appeal from a proceeding originating in the Fayette County Court of Common Pleas which granted plaintiff-appellant, Brenda K. Dean, a divorce from defendant-appellee, Gary Lee Dean. Finding that none of appellant's contentions have merit, we affirm the trial court's rulings in the instant matter.
On January 22, 1998, following a hearing at which the magistrate heard extensive testimony from both parties, the magistrate issued his decision. The magistrate equitably divided the parties' marital property and debt and ordered that appellee was to be the parties' minor child's residential parent and legal custodian.
On February 3, 1998, appellant filed two motions: 1) a motion for substitution of new counsel for her current counsel, and 2) a request for findings of fact and conclusions of law. On February 5, 1998, the magistrate ordered that new counsel be substituted. The magistrate further ordered, pursuant to Civ.R. 52, that this counsel was to submit proposed findings of fact and conclusions of law to the court "no later than March 13, 1998." However, March 13, 1998 passed and appellant failed to timely file such findings of fact and conclusions of law as directed by the trial court. Rather on March 26, 1998, appellant filed two more motions: 1) a request for a transcript and 2) a motion for an extension of time to prepare the proposed findings of fact and conclusions of law.
In the motion for an extension of time, appellant's counsel contended that because she was not appellant's counsel at the hearing she needed a copy of the transcript to prepare the requested findings of fact and conclusions of law. Counsel for appellant also contended that the delay in filing the request for a transcript was "due to a clerical error" in her office. Appellee immediately filed a motion opposing appellant's motion. The record before this court does not evidence that appellant's counsel took any further action to follow up on either of these motions. Nor does the record reveal that appellant took any steps to see that a transcript of the proceedings was properly prepared. We note that a transcript of the hearing was not prepared and filed with the trial court until August 28, 1998, well after the instant appeal was filed.
Over three full months following the March 13, 1998 deadline, specifically, on June 19, 1998, the trial court filed an entry approving and adopting the magistrate's findings. The trial court found that appellant had offered "no reasonable explanation for her failure to submit proposed findings of fact and conclusions of law within the time period directed by the Magistrate." The trial court accordingly denied appellant's motion requesting an extension of time. The trial court also denied appellant's request for findings of fact and conclusions of law. in its entry, the trial court stated:
 Her attorney contends that she needs a transcript of the final hearing because she did not represent the plaintiff at trial. However, since all proceedings before the Magistrate in this court are recorded electronically, the hearing could have been reviewed by counsel by listening to the audio tape.
The trial court then found that pursuant to Civ.R. 6(B) appellant had "failed to demonstrate that her failure to submit proposed findings of fact and conclusions of law within the time period directed by the Magistrate [was] excusable."
Appellant timely filed her notice of appeal. We note that appended to appellee's brief and appellant's reply brief are several affidavits which purport to further expand upon appellant's request for a transcript and the resulting delay. Unfortunately however, these affidavits are not part of the record for review. "Affidavits attached to an appellate brief cannot be considered part of the record on appeal."Middletown v. Allen (1989), 63 Ohio App.3d 443, 449. Furthermore, a review of the record before us does not reveal that the information contained within the affidavits which are attached to the briefs was ever provided to the trial court as part of the official record. Consequently, we cannot consider such extraneous information on appeal. State v. Harding (Aug. 19, 1993), Marion App. No. 9-93-8, unreported.
Appellant raises three assignments of error. In her first assignment of error, appellant contends:
 THE TRIAL COURT ERRED BY NOT PREPARING A TRANSCRIPT OF THE PROCEEDINGS AS REQUESTED BY PLAINTIFF AND BY JUSTIFYING THIS FAILURE TO PROVIDE A TRANSCRIPT, IN PART, IN ITS JUDGMENT ENTRY BY STATING THAT "THE HEARING COULD HAVE BEEN REVIEWED BY COUNSEL BY LISTENING TO THE AUDIO TAPE."
Under this assignment of error, appellant states that pursuant to Civ.R. 53(E)(3)(b), a transcript is required to be filed with objections to a magistrate's decision. Appellant then contends that it is the obligation of the trial court to furnish such transcript. Appellant concludes her argument by contending that the trial court erred by refusing to prepare such transcript. We find that appellant's assignment of error is not well-taken. Civ.R. 53(E)(3)(b) provides in part:
 * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact * * *.
Upon close examination of Civ.R. 53(E)(3)(b), we note that the rule does not address whose duty it is to provide the transcript. However, Ohio case law is very clear on this issue. It is the responsibility of the objecting party, and not the trial court, to furnish a transcript. Eash v. Eash (1984),14 Ohio App.3d 298, 298.
If the record before us revealed that appellant had timely filed her request for a transcript, we might be inclined to find that she arguably met her burden of production, and that the trial court should have granted her extension. However, the record reveals that appellant did not timely file her request for a transcript. Rather, appellant filed her request almost two full weeks after the trial court ordered her to prepare findings of fact and conclusions of law. "The decision to order the transcript lies within the sound discretion of the trial court * * *." Id. at 299. Because we find that the burden rested with appellant to furnish the transcript, we cannot find that the trial court abused its discretion when it did not furnish her with a transcript.
In her brief, appellant cites State ex rel. Seigler v. Rone
(1975), 42 Ohio St.2d 361. Pursuant to Rone, appellant contends that "the Supreme Court of Ohio has held that untranscribed audio tapes of a trial ware [sic] not a satisfactory alternative to a transcript." We find appellant's reliance on this case is misplaced. Rone dealt with an indigent criminal defendant and the trial court's obligation to provide a transcript on appeal. The instant matter is distinguishable from Rone as it is not a criminal appeal and there has been no showing that appellant is indigent. Given these distinguishable circumstances, we cannot say the trial court's suggestion that appellant's counsel could have reviewed the audio tapes of the hearing amounted to an abuse of discretion. Accordingly, appellant's first assignment of error is overruled.
In her second assignment of error, appellant contends:
 THE TRIAL COURT COMMITTED ERROR BY DENYING PLAINTIFF-APPELLANT'S MOTION FOR EXTENSION OF TIME.
In the body of her argument addressing this assignment of error, counsel for appellant puts forth several facts that were not before the trial court at the time that it decided this matter. Specifically, appellant's counsel alleges that her failure to timely file "was due to the fact that counsel's secretary was absent from work quite a bit during the latter part of January through mid-March 1998 due to her father's terminal illness and eventual death." While we find that such circumstances are certainly unfortunate, we note that appellant did not properly make such facts part of the record below and therefore we cannot consider such facts on appeal.
Civ.R. 6(B) states, in pertinent part:
 When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; * * *.
This court has previously held that the decision whether to grant a motion for an extension of time lies within the broad discretion of the trial court "and the trial court's decision can only be reversed on appeal for an abuse of discretion."BancOne Financial Services v. Hancock (Nov. 2, 1998), Clermont App. No. CA98-02-015, unreported, at 4, citing Miller v. Lint
(1980), 62 Ohio St.2d 209, 213-214. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Rock v. Cabral (1993), 67 Ohio St.3d 108, 112.
The proper standard by which a trial court is required to analyze a request for an extension of time is, as set forth in the rule, that of excusable neglect. Marion Credit Assn. v.Cochran (1988), 40 Ohio St.3d 265, 271. Therefore, it must appear from the record that the moving party made a showing of excusable neglect. Cincinnati Spring Service v. Meister Sand Gravel (June 3, 1991), Butler App. No. CA90-06-112, CA90-06-126, unreported, at 4, citing Miller at 214.
Turning to the instant matter, appellant admitted in her motion for an extension of time that the need for an extension was "due to a clerical error" in appellant's counsel's office. Accordingly, we can safely conclude that there was neglect. Our "principle inquiry thus narrows to whether such neglect was 'excusable' within the meaning of the proceeding authority" and under Civ.R. 6(B). Id. However, upon a review of the record, we find that appellant failed to put forth any facts evidencingexcusable neglect. Other than the fact that the extension was requested "due to a clerical error," no other information was ever put before the trial court to explain the delay. Furthermore, over three months passed before the trial court took any action on this matter. During that time, the record reveals that appellant took absolutely no follow-up action whatsoever. Under the circumstances, we cannot say that the trial court's decision to deny appellant's motion for an extension of time was an abuse of discretion. Accordingly, appellant's second assignment of error is overruled.
In her third assignment of error, appellant contends:
 THE TRIAL COURT ERRED BY EFFECTIVELY DENYING PLAINTIFF-APPELLANT THE OPPORTUNITY TO FILE OBJECTIONS TO THE MAGISTRATE'S DECISION.
Under her final assignment of error, appellant contends that Civ.R. 53(E)(2) mandates that if a party makes a request for findings of fact and conclusions of law that the magistrate must issue such findings in an "amended" decision. Appellant further contends that, pursuant to Civ.R. 52, the time for a party to file objections to a magistrate's decision does not begin to run until such requested findings of fact and conclusions of law are issued by the magistrate. Therefore, appellant argues that by not providing a transcript the trial court effectively prevented the formation of findings of fact and conclusions of law which in turn effectively denied her the opportunity to object to the magistrate's decision. We disagree.
Given our resolution of appellant's first and second assignments of error, this assignment of error is without merit. Appellant clearly failed to timely file either her request for a transcript or her motion for an extension of time. Furthermore, as we established under appellant's first assignment of error, it was appellant's duty, not the trial court's, to seek and obtain a copy of the transcript.
Appellant cites Savoli v. Savoli (1994), 99 Ohio App.3d 69, for the proposition that a trial court's delay in providing a transcript deprives an appellant of an opportunity to file objections, and is therefore error. However, upon close review of that case, we find the facts of the instant matter are distinguishable from Savoli. In Savoli, the appellant timely
filed requests for continuances due to a court's reporter's delay in preparing the transcript. Following these requests, and in the absence of any objections to the report, the trial court waited only five days past the specified deadline to adopt the referee's report. In the instant matter, as stated above, appellant failed to timely file either her request for a transcript, or her request for an extension of time. Furthermore, the trial court in the instant matter waited nearly three months before approving and adopting the magistrate's decision.
Finally, we find that in spite of the fact that the magistrate never issued findings of fact and conclusions of law as requested by appellant, appellant could have still filed some sort of objections to preserve her rights to object to the decision. A ruling that recites various facts and legal conclusions which when considered with other parts of the record forms an adequate basis upon which to decide the legal issues presented may be deemed sufficient to satisfy Civ.R. 52. See Stone v. S. L Co. (1981), 66 Ohio St.2d 74, 85. Upon review of the magistrate's decision in the instant matter, we find that it did indeed contain sufficient findings of fact and conclusions of law to satisfy Civ.R. 52 requirements. Therefore appellant, in the exercise of due diligence, could have filed objections. In light of the foregoing discussion and our resolution of appellant's first and second assignments of error, appellant's third assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.