JOURNAL ENTRY AND OPINION
Appellant, Sari Carro, is appealing the trial court's dismissal of her divorce complaint against appellee, Frank Carro. The trial court dismissed because it found that there was no common law marriage. For the following reasons, we affirm as modified.
The magistrate found that appellant proved a common law marriage to appellee. The magistrate made the following findings: The parties cohabitated in 1987. When appellee purchased the home in April, 1987, he did so as a single person. The parties executed a written agreement in 1987 acknowledging their relationship as husband and wife. The agreement entered into evidence was a copy, not the original. Appellee disputed the authenticity of his signature on the document. Appellee's expert witness did not render an opinion on the authenticity of appellee's signature. Appellant's expert said appellee's signature was authentic. The parties held themselves out to business and social acquaintances as husband and wife.
The magistrate further found that: Appellee argued that appellant was already married to Alfred Toth, and could not be married to appellee. Appellee submitted a copy of a complaint for divorce which appellant filed against Alfred Toth in 1980. This complaint alleged that she and Albert Toth were common law married in 1971. Appellee later dismissed the divorce action against Alfred Toth. Appellant testified that she was never married to Toth, but used his name to avoid another former husband. She filed a complaint for divorce against Toth because an attorney told her to do so. Appellant used Toth's name in order to obtain hospitalization as an employee of appellee. The magistrate found that appellant's testimony was credible concerning her reasons for using the name Toth.
Appellee filed objections to the magistrate's report. He objected because: (1) Appellant did not prove she was no longer married to Alfred Toth; (2) A copy of the 1987 agreement was not admissible evidence; (3) Appellant represented to Social Security and other parties that she was married to Alfred Toth, so she could not be common law married to appellant.
Appellee filed a partial transcript of the proceedings. The partial transcript contains the cross-examination of appellant and does not contain the direct examination by appellant's counsel.
In the partial transcript, appellant testified: After 1987, she only used the name Toth in order to get hospitalization as an employee of appellee. She admitted using the name Toth on her checking account, because she used checks to pay the doctor. She told the doctors her name was Toth. In 1992, she applied for Social Security Disability using the name Toth, because that was the name on her medical records. She told Social Security her husband was Alfred Toth. Her driver's license is in the name Sari Toth.
Appellant further testified that her lawyer typed up the 1987 agreement in which she and appellee acknowledged their marriage. The witnesses were not present when appellee signed the agreement. The witnesses signed the agreement later. Appellant said the document submitted to the court was a copy, not the original.
The partial transcript further indicates that appellant introduced appellee as her husband. Appellee introduced appellant as innamortata, which, in Italian means lover.
Prior to ruling upon the objections to the magistrate's report, the trial judge ordered a complete copy of the transcript. The complete transcript does not appear in the appellate record.
The trial court found that appellant's and appellee's experts had different opinions as to the authenticity of the 1987 written agreement. The agreement was not dispositive. The court found that appellee never agreed to be married to appellant. Appellant only represented herself as married to appellee when it was convenient. Her explanations for using the name Toth were not credible. The trial court held that there was no common law marriage, and dismissed the complaint.
Appellant filed a motion for a new trial, which was denied.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED IN SUSTAINING THE OBJECTIONS OF THE APPELLEE AFTER APPELLEE FAILED TO FILE A TRANSCRIPT WITH THE COURT.
Civ.R. 53(E)(3)(b) provides:
 Objections shall be specific and state with particularity the grounds of objection. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.
Appellee submitted a partial transcript which contained twenty-three pages of the three hundred and twenty page record. The transcript submitted by appellee omitted the appellant's direct examination by her attorney. It appears that the record submitted by appellee did not contain all the evidence relevant to the disputed facts. See Wade v. Wade (1996),113 Ohio App.3d 414. A transcript which contains only the facts supportive of the objections is inadequate. Id. When the transcript is inadequate, it is improper for the trial court to review a factual determination of the referee, unless the trial court elects to hear more evidence. Id.
This case is distinguishable from Wade because the trial court did review a complete transcript. The trial court sua sponte ordered a transcript of the entire record. Former Civ.R. 53(E)(1) stated that the court could request the referee to file a transcript of the proceedings. Current Civ.R. 53(E)(4) provides that the trial court, in its discretion, may hear additional evidence. The trial court may, in its discretion, order a complete transcript. See Eash v. Eash (1984),14 Ohio App.3d 298.
The trial court did not err in granting appellee's objections, because it had the entire transcript before it. It was improper for the trial court to order taxing the transcript as a cost in this case. The trial court should have ordered appellee to pay for the complete transcript. See Civ.R. 53(E)(3)(b); Eash, supra.
Accordingly, this assignment of error is overruled. However, the trial court must modify its order taxing the transcript as costs, and instead order appellee to pay the costs of the transcript.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CASE BECAUSE SHE ESTABLISHED ALL THE ELEMENTS OF A COMMON LAW MARRIAGE.
Appellant asserts that the trial court erred in finding that the evidence did not show an agreement of marriage in praesenti (with words of present assent). See Nestor v. Nestor (1984), 15 Ohio St.3d 143. Only a partial transcript appears in the record. Without a copy of the entire transcript in the appellate record, this court must presume regularity. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Appellant has not demonstrated that the trial court's decision was in error.
Accordingly, this assignment of error is overruled.
The trial court is ordered to modify its order taxing the transcript as costs. The trial court is to order appellee to pay the costs of the transcript. Otherwise, the decision of the trial court is affirmed. The decision of the trial court is affirmed, as modified.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.
 __________________ ANN DYKE, JUDGE