OPINION
{¶ 1} Defendant-appellant, John Essary, appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, finding him in contempt. We affirm the decision of the trial court.
 {¶ 2} Appellant and appellee, Mary Pope, were married in 1985 and had two children together. They divorced in June 1993 and, upon their agreement, the trial court ordered shared parenting. Pursuant to the decree of shared parenting, appellant was required to pay 76% of the children's extraordinary medical expenses not covered by insurance while appellee was ordered to pay the remaining 24%. The decree also mandated that the parties discuss and agree upon major healthcare decisions regarding the children.
 {¶ 3} In October 2000, appellee filed a contempt motion, asserting that appellant had failed to pay his portion of their daughter's uninsured orthodontic expenses, as required by the decree of shared parenting. Appellant countered with a contempt motion alleging that appellee had approved the orthodontic treatment and the expenses related to it without consulting him, in contravention of the shared parenting decree. After a hearing on the matter, a magistrate found appellant in contempt for his failure to pay his portion of the uninsured dental expenses. The uncontroverted evidence established that the orthodontia expense totaled more than $5000 and that appellee was reimbursed only $400 by appellant.
 {¶ 4} Appellant filed objections to the magistrate's decision and requested a hearing before the trial court on the matter. The hearing was set for October 15, 2001, at 3:00 p.m. Although appellant appeared personally, his counsel failed to appear until 3:30 p.m. because he was "tied up" in another division of the Warren County Court of Common Pleas. The trial court denied appellant's oral request for a continuance and held the hearing on the objections as scheduled with appellant proceeding pro se. In an entry filed October 26, 2001, the trial court overruled the objections. The trial court found that appellant's failure to file a transcript of the hearing before the magistrate precluded review of the magistrate's factual findings pursuant to Civ.R. 53. Appellant appeals from this decision, raising two assignments of error.
Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO CONTINUE THE HEARING ON DEFENDANT-APPELLANT'S `MOTION TO SET ASIDE AND OBJECTIONS TO MAGISTRATE'S DECISION." [SIC]
 {¶ 6} A trial court has broad discretion when ruling on a motion for a continuance. Sayre v. Hoelzle-Sayre (1994), 100 Ohio App.3d 203,208; State v. Grant, 67 Ohio St.3d 465, 479, 1993-Ohio-171. Consequently, a trial court's denial of a motion for a continuance will be reversed on appeal only if the trial court abused its discretion. Id. An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 7} In ruling upon a motion for a continuance, "the trial court balances the court's interest in controlling its docket and the public's interest in an efficient judicial system with the possibility of prejudice to the defendant." Sayre at 208, citing State v. Unger (1981),67 Ohio St.2d 65, 67. The trial court may consider factors such as the length of the delay requested, prior requests for continuances, the legitimacy of the request for a continuance, whether the movant contributed to the circumstances which gave rise to the request for a continuance, inconvenience to the parties, counsel, and the court, and "other relevant factors, depending on the unique facts of each case." Id.
 {¶ 8} In the present case, the trial court found insufficient the attorney's allegation that he was "tied up" in another courtroom, concluding that the attorney's "failure to properly schedule his calendar is not a justification for continuing the matter without notice[.]" The trial court noted that the hearing was scheduled by appellant's attorney, and that, at the scheduled time of the hearing, appellee and her counsel were present and prepared to go forward with the hearing. Appellant was also present.
 {¶ 9} Considering the inconvenience to appellee, her counsel, and the trial court caused by counsel's failure to appear for a hearing which he himself scheduled, we conclude that the trial court did not abuse its discretion by denying appellant's motion for a continuance. The assignment of error is overruled.
Assignment of Error No. 2:
 {¶ 10} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FOUND THAT HE WAS RESPONSIBLE FOR A PERCENTAGE OF THE ORTHODONTIA BILL."
 {¶ 11} In his second assignment of error, appellant argues that he cannot be held responsible for his portion of the uninsured dental expenses because appellee failed to consult him prior to incurring the expenses. The magistrate concluded otherwise, finding that appellant was in contempt for his failure to reimburse appellee for his portion of the dental expenses. While appellant objected to this factual finding, he failed to file a transcript for the trial court to review when ruling on the objection.
 {¶ 12} Civ.R. 53(E)(3)(b) provides:
 {¶ 13} "Objections [to a magistrate's decision] shall be specific and state with particularity the ground of objection. If the parties stipulate in writing that the magistrate's findings of facts shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 14} Pursuant to this rule, a party challenging the factual findings of a magistrate is required to provide the trial court with a transcript of the hearing before the magistrate to support the objections. Eash v. Eash (1984), 14 Ohio App.3d 298, 298. A trial court may adopt a magistrate's findings of fact without conducting an independent review of the evidence where the party objecting to the magistrate's report fails to provide a transcript of the proceedings.Wilson v. Wilson (Sept. 30, 1996), Clermont App. No. CA96-02-014, citingState ex rel. Duncan v. Chippewa Twp. Trustees, 73 Ohio St.3d 728, 730,1995-Ohio-272. An appellate court's role in reviewing a trial court's decision under such circumstances is to determine whether the trial court abused its discretion in applying the law to the facts. Id., Duncan at 730; Ryals v. Lynch (July 23, 1996), Franklin App. No. 96APG02-157.
 {¶ 15} In the instant case, appellant filed objections to the magistrate's decision without filing a transcript of the magistrate's hearing. The trial court was thus incapable of conducting an independent review of the magistrate's conclusion that appellant failed to pay his portion of the uninsured dental expenses without justifiable cause. Accepting the magistrate's factual conclusion on this issue, we conclude that the trial court did not abuse its discretion by finding appellant in contempt for his failure to pay the expenses as required by the shared parenting decree. See Willis v. Willis, Butler App. No. CA2001-09-204, 2002-Ohio-3716. The assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.