OPINION
{¶ 1} This is an appeal by Appellant-Mother Robin Wheeler from a July 13, 2004, decision of the Muskingum County Court of Common Pleas, Juvenile Division, overruling her objections to the Magistrate's Decision recommending that minor child Shawna Wheeler be placed into the Planned Permanent Living Arrangement of Muskingum County Children Services.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} In February, 2002, Shawna Wheeler, d.o.b. 6/29/88, was placed into the temporary custody of Muskingum County Children's Services (MCCS) as a result of truancy charges.
 {¶ 4} On February 10, 2004, MCCS filed a Motion to Modify Temporary Custody to Permanent Custody or Alternatively Planned Permanent Living Arrangement with a Request for a Reasonable Efforts Determination.
 {¶ 5} On March 23, 2004, and May 4, 2004, a hearing was held on said motion before a magistrate. At the March 23, 2004, hearing, the minor child was interviewed in chambers, with same being recorded. A written report by the guardian ad litem was also filed with the court.
 {¶ 6} On May 13, 2004, the magistrate filed his decision denying the State's Motion for Permanent Custody, recommending instead that Shawna Wheeler be placed in a planned permanent living arrangement. On the same day, the trial court adopted the Magistrate's Decision.
 {¶ 7} On May 19, 2004, Appellant-Mother filed a written request for a transcript to be prepared at public expense.
 {¶ 8} On May 27, 2004, Appellant-Mother Robin Wheeler filed Objections to the Magistrate's Decision, without a transcript.
 {¶ 9} On July 13, 2004, the trial court rejected Appellant-Mother's objections.
 {¶ 10} On August 4, 2004, Appellant filed a Motion for a Transcript at the State's Expense.
 {¶ 11} On August 18, 2004, the trial court granted Appellant-Mother's request for a transcript.
 {¶ 12} It is from the July 13, 2004, decision Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 13} "I. The trial court failed to independently review the work of the magistrate in overruling the mother's objections to the magistrate's decision.
 {¶ 14} "II. The muskingum county children's services agency failed to show by clear and convincing evidence that the mother failed to maintain a drug free home for any significant period of time when in fact the mother has maintained a drug free home for a significant period of time.
 {¶ 15} "III. The magistrate incorrectly placed blame on the mother for the father's unwillingness to cooperate with children's services. By so doing, the magistrate incorrectly failed to examine separately the unsuitability of each parent separately instead condemning the mother for the sins of a party over whom she has no earthly control."
 I. {¶ 16} In her first assignment of error, Appellant contends the trial court erred in overruling her objections to the Magistrate's decision. We agree.
 {¶ 17} More specifically, Appellant contends that it was error for the trial court to overrule her objections without first reviewing the transcript from the hearing.
 {¶ 18} Upon review of the record, we find that the transcript in this matter was not filed until August 18, 2004. The judge therefore did not have an opportunity to review the transcript of the proceedings before ruling on Appellant's objections which challenged the following Findings of Fact made by the Magistrate:
 {¶ 19} Finding of Fact No. 4: arguing that findings relating to a 1998 motion referencing evidence were not in the record;
 {¶ 20} Finding of Fact No. 5: arguing that the evidence did not show that Appellant filed to successfully complete her aftercare counseling or to maintain a drug free home or lifestyle for a significant period of time;
 {¶ 21} Finding of Fact No. 7: arguing that the evidence did not show that she was unable to provide a legally secure placement at the present time;
 {¶ 22} Finding of Fact No. 8: arguing that the finding that the return of the child is against the child's best interest is against the weigh of the evidence. Appellant further argues that the evidence failed to show that the State made reasonable efforts to return the minor child to her home.
 {¶ 23} Appellant's objections challenged the manifest weight of the evidence.
 {¶ 24} Appellate courts have found that a trial court abuses its discretion when it rules on objections to a magistrate's report without the benefit of a transcript. See, e.g., In re Moorehead (1991),75 Ohio App.3d 711, 600 N.E.2d 778 (trial court erred when it failed to review and consider the transcript prior to adopting the report and recommendation of referee); 155 N. High Ltd. v. Cincinnati Ins. Co.
(1991), 75 Ohio App.3d 253, 599 N.E.2d 352 (trial court abused its discretion by failing to consider requested transcript before ruling on objections based on the manifest weight of the evidence); Eash v. Eash
(1984), 14 Ohio App.3d 298, 14 OBR 355, 471 N.E.2d 174 (court abused its discretion when it ruled on objections to referee's report based on manifest weight of the evidence without the aid of a transcript).
 {¶ 25} While Appellee, in its brief, argues that the trial court listened to an audio tape of the hearing prior to ruling on said objections, and attempts to support same with an affidavit signed by the trial court judge, we cannot consider same as such is not part of the record before us for review.
 {¶ 26} Based on the foregoing, we find that the trial court erred in failing to review the transcript of the hearing before adopting the decision of the Magistrate in the case sub judice.
 {¶ 27} Appellant's first assignment of error is sustained.
 II., III. {¶ 28} In her second assignment of error Appellant argues that the trial court erred in finding that Appellant failed to provide a drug free home for a significant period of time. In her third assignment of error, Appellant argues that the trial court erred in failing to independently and individually review the suitability of each of the parents.
 {¶ 29} Based on our disposition of Assignment of Error I, we decline to rule upon Assignments of Error II and III, as such are the subject of the Appellant's Objections to the Magistrate's decision.
 {¶ 30} Appellant's second and third assignments of error are overruled.
 {¶ 31} The decision of the Muskingum County Court of Common Pleas, Juvenile Division is reversed and remanded for proceedings consistent with this opinion.
Boggins, J., Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Juvenile Division, Muskingum County, Ohio, is reversed and remanded. Costs assessed to Appellee.