SAYRE, Appellee,

v.

HOELZLE-SAYRE, Appellant.

[Cite as *Sayre v. Hoelzle-Sayre* (1994), 100 Ohio App.3d 203.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13-93-2.

Decided April 6, 1994.

204

B. *Mark Davis*, for appellee.

*Britz & Zemmelman* and *Harland M. Britz*, for appellant.

---

HADLEY, Judge.

Defendant-appellant, Anne M. Hoelzle–Sayre ("appellant") appeals from a judgment of the Seneca County Court of Common Pleas granting the motion of plaintiff-appellee, Stan Sayre ("appellee"), for a change in custody of the parties' three minor children.

Appellant and appellee were married September 30, 1978 and divorced November 16, 1990. Appellant was granted custody of the parties' children. On April 20, 1993, appellee filed motions for temporary relief, modification of custody, and a home investigation. Appellee alleged that the appellant had plans to relocate the children to another area and refused to enroll them in an accredited school. Additionally, appellee asserted that appellant failed to adhere to his visitation privileges. On April 29, 1993, the trial court granted appellee's motion for temporary relief preventing relocation of the children and requiring compliance with visitation privileges. On May 12, 1993, the court ordered the home investigation which was completed and received by the court. In addition, on June 29, 1993, the court ordered testing of the children by a school psychologist. The written deposition of the school psychologist was filed on August 24, 1993.

On August 26, 1993, a hearing was held on appellee's motion for modification of custody. Appellant and appellee were present with their respective attorneys, Barbara Larick and B. Mark Davis. Prior to the presentation of testimony and evidence, the court acknowledged attorney Larick's motion for a continuance and withdrawal as counsel which was filed on August 26, 1993.[1] The court denied the motion as untimely and "not well made" pursuant to Loc.R. 24 of the Court of Common Pleas of Seneca County. The hearing proceeded; however, when the appellee tried to call the appellant as his first witness, she left the courtroom. At this point, attorney Larick renewed her motion to withdraw and the trial court granted the motion.

---

1. The original copy of this motion is time stamped August 26, 1993. Another copy of this motion, which is time-stamped August 25, 1993, also appears in the record.

The appellee then presented testimony and evidence supporting his request to be designated residential parent and legal custodian of the children. In accordance with the testimony and evidence, including the court-ordered home investigation and school psychologist's deposition, the trial court found a significant change in circumstances and that the best interest of the children would be served by modifying the original custody award. Therefore, the court granted appellee's motion for a change in custody by designating the appellee as the residential parent and legal custodian of the children. The court also restricted appellant's visitation rights by prohibiting unsupervised visitation pending further hearing or order.

It is from this judgment that appellant asserts the following assignments of error:

### Assignment of Error No. 1

"The trial court abused its discretion by refusing a continuance."

### Assignment of Error No. 2

"The trial court erred by allowing previous counsel to withdraw."

### Assignment of Error No. 3

"The trial court erred by going forward with the hearing in the absence of plaintiff and her counsel."

These three assignments of error are considered jointly because of their overlapping issues.

Appellant asserts that the court improperly granted attorney Larick's motion to withdraw without providing appellant with an opportunity to be heard. The appellant also contends that she was entitled to rely on representation from counsel upon leaving the courtroom. Finally, she asserts that, because the court allowed counsel to withdraw, the hearing should have been delayed to permit substitution of new counsel.

The grounds for a continuance due to the absence of one party include the following factors: "the absence is unavoidable, and not voluntary; that his presence at the trial is necessary; that the application is made in good faith; and that he probably will be able to attend court at some reasonable future time." *State ex rel. Buck v. McCabe* (1942), 140 Ohio St. 535, 538, 24 O.O. 552, 553, 45 N.E.2d 763, 766.

Loc.R. 24 of the Court of Common Pleas of Seneca County specifically addresses the issue of attorney withdrawal. It provides, in part, that: *"[u]nless otherwise ordered,* a trial attorney shall not be permitted to withdraw at any time

later than twenty (20) days in advance of trial or the setting of a hearing on any motion." (Emphasis added.) As indicated, the trial court retains, at its discretion, the authority to allow attorney withdrawal at other appropriate times.

Due to the withdrawal of her attorney, appellant asserts that the trial court should have postponed the hearing. However, a trial court has broad discretion whether to grant or deny a motion for continuance and the trial court's decision will not be disturbed on appeal absent an abuse of discretion. *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 42–43, 423 N.E.2d 1078, 1080. The trial court balances the court's interest in controlling its docket and the public's interest in an efficient judicial system with the possibility of prejudice to the defendant. *Id.* One factor the trial judge may consider is "whether the defendant contributed to the circumstance which gives rise to the request for a continuance." *Id.* at 68, 21 O.O.3d at 43–44, 423 N.E.2d at 1080.[2]

Appellant voluntarily left the courtroom after being summoned to the stand as appellee's first witness and clearly contributed to the circumstance upon which she is now appealing. Therefore, her unexcused absence fails to afford her grounds to object to the proceeding of the hearing. Consequently, the trial court did not abuse its discretion by holding the hearing despite appellant's absence.[3] For these reasons, we find appellant's first three assignments of error not well taken.

### Assignment of Error No. 4

"The trial court erred by considering a written home-study report in the absence of sworn testimony."

Appellant contends that consideration of the home-study report was contrary to evidentiary rules since the report was not formally moved into evidence, nor was it validated by a witness subject to cross-examination. Appellant sets forth R.C. 2317.39, 2317.36, and Civ.R. 75(D) as controlling.

Appellant's reliance on R.C. 2317.36, which generally governs the admission of experts' written reports, is misguided. R.C. 2317.39 expressly provides for the use of court-ordered investigative reports as long as the report is made readily available to all parties prior to its consideration by the judge.

---

**2.** The trial judge may also consider such factors as: amount of time requested, prior requests for continuances, inconvenience to parties, counsel, and the court, the legitimacy of the request for delay, and "other relevant factors, depending on the unique facts of each case." *Id.* at 67–68, 21 O.O.3d at 42–44, 423 N.E.2d at 1080.

**3.** In further support of the court's decision to hold the hearing, Loc.R. 24 of the Court of Common Pleas of Seneca County states that "[u]nless otherwise ordered, the substitution of a trial attorney shall not serve as a basis for postponement of the trial or any hearing."

Appellant readily admits that the contents of the home-study report were made available to all parties; however, she interprets the final paragraph of the statute as mandating live testimony. Appellant's interpretation of this paragraph is misplaced. The statute specifically provides: "This section does not apply only to the utilization of the contents of such reports as testimony, but shall prevent any judge from familiarizing himself with such contents in any manner unless this section has been fully complied with." Thus, it is clear that this statute authorizes the court to admit such reports as testimony. See *Roach v. Roach* (1992), 79 Ohio App.3d 194, 200–201, 607 N.E.2d 35, 38–40.

In addition, Civ.R. 75(D) and R.C. 3109.04(C) provide for the admission of court-ordered investigation reports involving child custody and divorce matters. In pertinent part, they state that such reports "shall be made available to either party [parent]" and "shall be subject to cross-examination by either party [parent] concerning the contents of the report." Since cross-examination of the parties concerning the contents of the report is clearly permitted, it is evident that the rule and statute import the use of such reports as testimony.

In *Roach v. Roach, supra,* at 200, 607 N.E.2d at 39, the court found that the language of R.C. 3109.04(A) [*sic* (C)] and Civ.R. 75(D) "implicitly confers upon the trial court the authority to admit custody-investigation reports into evidence." That court held that the implicit authority of R.C. 3109.04(A) [*sic* (C)] and Civ.R. 75(D), supported by the explicit language of R.C. 2317.39, permits a trial court to consider court-ordered investigation reports as evidence. *Id.* at 200–203, 607 N.E.2d at 38–41.

Therefore, based on R.C. 2317.39, along with R.C. 3109.04(C) and Civ.R. 75(D), which govern the admissibility of court-ordered investigative reports, we find that the trial court did not err in considering the home-study report as evidence in the absence of sworn testimony. Appellant's fourth assignment of error is found not well taken.

### Assignment of Error No. 5

"The trial court erred in modifying the custody from mother to father."

### Assignment of Error No. 6

"The finding and judgment are contrary to law."

### Assignment of Error No. 7

"The finding and judgment are against the weight of the evidence."

The above assignments of error are being considered together due to their close relationship to each other.

An appellate court, in reviewing a trial court's decision in a child custody matter, must uphold the decision absent an abuse of discretion. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. Abuse of discretion constitutes "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Id.* at 219, 5 OBR at 482–483, 450 N.E.2d at 1142. This standard means that "[t]he discretion which a trial court enjoys in custody matters should be accorded the utmost respect." *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846, 849. Consequently, it is improper for an appellate court to independently review the weight of the evidence in the majority of cases. *Id.*

In the instant case, appellant argues that the court failed to substantiate its decision to award custody of the children to the appellee. In addition, the appellant asserts that the court failed to balance the advantages and disadvantages of changing the child's environment required by R.C. 3109.04(E)(1)(a)(iii).

Appellant cites R.C. 3109.04(E)(1)(a), which specifically sets out the standards for child custody modification. While the appellant concedes that the court made findings as to the change in circumstances and best interests of the children, required by R.C. 3109.05(E)(1)(a), appellant challenges the basis of the court's findings. Thus, appellant points to three issues regarding the dispute of these findings.

First, appellant states that the appellee's objection to home schooling was absolved since appellant was willing to enroll the children in a school. The record reveals that appellee's legitimate concern regarding home schooling of the children was substantiated by the deficient proficiency results on the exams completed by a school psychologist. This, alone, may constitute grounds for change of custody as custody may be modified in situations where a child's development will be affected by a condition in his present environment. *Gardini v. Moyer* (1991), 61 Ohio St.3d 479, 575 N.E.2d 423.[4]

In *Gardini*, the court modified the custody order where a mother took the children out of public school and started to teach them at home regardless of the father's objections. A psychologist testified, in part, that the children would be harmed by the mother's decision to provide home schooling and the court found that there was sufficient evidence to determine that the children's present environment would affect their development. Consequently, the Supreme Court held that there was no abuse of discretion in changing the custody award. The case before us presents a similar issue and the trial court's decision was clearly

---

4. This case was decided pursuant to the former R.C. 3109.04(B)(1)(c) which was amended and renumbered, R.C. 3109.04(E)(1)(a)(iii). However, this has no bearing on the analysis as applied to this case.

substantiated based on the school psychologist's evaluation of the children, as well as the testimony by the appellee.

Second, appellant contends that appellee's testimony regarding appellant's health condition was without factual basis. Third, the appellant challenges the issue of appellant's cluttered house as a basis upon which to change custody. Regarding these contentions, it must be reiterated that the trial court has broad discretion in cases relating to custody of children. The trial court is in the best position to gain knowledge of the parties. *Trickey v. Trickey* (1952), 158 Ohio St. 9, 13, 47 O.O. 481, 483, 106 N.E.2d 772, 774. Furthermore, the trial court is delegated with the authority to decide "disputes of fact and weigh the testimony and credibility of the witnesses." *Gardini v. Moyer, supra,* 61 Ohio St.3d at 484, 575 N.E.2d at 427, citing *Pasqualone v. Pasqualone* (1980), 63 Ohio St.2d 96, 17 O.O.3d 58, 406 N.E.2d 1121.

In rendering its decision, the trial court held that there was enough evidence to warrant a change in circumstances and that the modification of custody would be in the best interests of the children. The trial court explicitly stated that it carefully evaluated "the evidence and testimony properly presented, including, but not limited to, the home investigation and the school proficiency examinations, conducted pursuant to court order."

Appellant also asserts that the trial court failed to find that it was more advantageous to change the children's environment as required by R.C. 3109.04(E)(1)(a), which provides, in pertinent part:

"The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

" * * *

"(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

As stated above, the requirement applicable to this case is whether the court determined that the harm of changing the child's current environment is outweighed by the benefits of changing the environment. In particular, the issue is

whether the court applied this balancing test absent any explicit language in the trial court's judgment entry.

A trial court's judgment entry "may be general," unless a party makes a request for separate "findings of fact and conclusions of law." Civ.R. 52. The court must make some finding, pursuant to R.C. 3109.04(E)(1)(a)(iii), that the harm is outweighed by the advantages of changing the environment. *Well v. Well* (1990), 70 Ohio App.3d 606, 609, 591 N.E.2d 843, 844. On the other hand, the judgment of the court "will not be reversed by a reviewing court" if it is "supported by some competent credible evidence going to all the essential elements of a case." *Id.,* 70 Ohio App.3d at 609, 591 N.E.2d at 845. More specifically, when reviewing the decision of the trial court, a reviewing court may make assumptions regarding the trial court's consideration of evidence and application of relevant statute requirements. *Whitmer v. Darrow* (Dec. 26, 1985), Summit App. No. 12130, unreported, 1985 WL 4735. The trial court analyzed evidence, including testimony of the appellee, the home investigation, and the school proficiency examinations, which contains sufficient competent evidence to find that the harm to the children, if they stay with the appellant, is outweighed by the advantages of giving custody to the appellee. Thus, it can be concluded that the trial court followed the dictates of R.C. 3109.04(E)(1)(a) and appellant's fifth, sixth, and seventh assignments of error are not well taken.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, the judgment of the Seneca County Court of Common Pleas is affirmed.

*Judgment affirmed.*

EVANS and THOMAS F. BRYANT, JJ., concur.