[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Angela Pugin, (F.K.A. Wise) appeals from an order modifying parental rights and responsibilities entered by the Allen County Court of Common Pleas, Juvenile Division.
On July 7, 1994, Russell Brenneman agreed to entry of a judgment establishing his paternity and support for his son, Christian Brenneman (D.O.B. 9-29-92). The order also designated Angela Brenneman residential parent of Christian.
On March 19, 1997, Russell filed a motion for modification of parental rights and responsibilities, requesting that he be named the residential parent of Christian. A hearing on this motion was set for 3:00 P.M. on April 22, 1997. At 3:30 P.M. on April 22, 1997, Angela appeared for the hearing without counsel and requested the court grant her a continuance of the hearing "because he [my attorney] was not able to be here." (Transcript p. 2). Russell, who had taken time off work and travelled from his residence in Tullahoma, Tennessee to attend the hearing, objected to the continuance, claiming he would be greatly inconvenienced by any delay in the proceedings.
The trial court asked Angela why her counsel had not requested a continuance earlier. Angela responded that she thought her attorney, Michael Dugan, had called the court, but stated that "he told me to ask for a continuance." Finally, Angela explained that she did not retain a lawyer sooner because she could not come up with the fee. The court denied Angela's request for a continuance because Angela "had ample opportunity to contact an attorney and secure [a] . . . continuance," she appeared late for court, and resetting the hearing to a different date would inconvenience Russell.
The hearing commenced and Russell called Angela as his first witness. Angela refused, however, to testify unless her attorney was present. After the court advised Angela that she had to testify once called as a witness, Angela asked the court if she could make a phone call. The court permitted Angela to leave the courtroom for five minutes to make a call, but instructed Angela that she could not leave the courthouse. Court reconvened and Angela appeared with an attorney, Mr. Dugan.
Before testimony commenced, the court asked Mr. Dugan to explain when Angela contacted him with regards to representing her. Mr. Dugan informed the court that Angela's boyfriend actually contacted his office the day prior to the hearing and he did not speak to Angela's boyfriend until 5:00 P.M. that day. Mr. Dugan then requested a continuance of the hearing arguing he needed more time to prepare and that his schedule did not enable him to appear on Angela's behalf. The court denied this second request for a continuance citing essentially the same grounds it noted when denying Angela's first request for a continuance, noting in addition that Angela may have misled the court when she claimed to have spoken to Mr. Dugan a week prior to the hearing.
Despite the court's refusal to reset the hearing at some later date, the court did continue the case until the next morning, due to "the lateness in the day." The next day, Angela appeared once again without counsel. The court inquired if Angela was represented by counsel that day. Angela advised the court that she was not, though she thought Mr. Dugan was going to be present. The case proceeded and Angela represented herself. Angela did not object to proceeding without counsel and did not request any further continuances to obtain counsel. After the hearing, the court granted Russell's motion for a modification of custody and named Russell residential parent of Christian.
Angela raises one assignment of error:
 The trial court abused its discretion in denying, Angela Pugin, a motion for continuance for the purpose to retain proper counsel.
The decision whether to grant a continuance is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. State v. Unger (1981),67 Ohio St.2d 65, 67, 423 N.E.2d 1078, 1080; Sayer v. Hoelzle-Sayer
(1994), 100 Ohio App.3d 203, 208, 653 N.E.2d 712, 715, appealdismissed as improvidently allowed, (1995), 72 Ohio St.3d 1218. An abuse of discretion connotes an unreasonable, arbitrary or unconscionable attitude on part of the trial court. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
Angela apparently disputes the trial court's denial of her first request for a continuance after she "humbly asked the Trial Court for a continuance in order to obtain effective counsel." (Angela's brief p. 2). Though the trial court refused to reschedule the hearing for some later date, the court did stay the proceedings for a short time to enable Angela to make a phone call in an effort to secure representation. In fact, Angela did secure the assistance of counsel when, in response to her phone call, Mr. Dugan appeared before the court on her behalf. Therefore, Angela did obtain a continuance for the purpose of securing "effective counsel." Thus, the record does not support Angela's assignment of error.
In evaluating a request for a continuance, courts should consider the length of delay requested, whether the requesting party had any prior continuances, the inconvenience to the litigants and the court, whether the request was made in good faith, whether the requesting party contributed to the need for a continuance, and any other relevant factors. Unger,67 Ohio St.2d at 67-68, 423 N.E.2d at 1180.
Here, the record indicates that, on March 27, 1997, Angela signed a return of service for correspondence from the court which included an assignment notice stating the date for hearing on Russell's motion for modification was April 22, 1997 at 3:00 P.M. Angela does not dispute she received notice of the modification hearing over three weeks prior to its scheduled date. Further, Russell, the other party to this action, took off time from work and travelled from Tullahoma, Tennessee to attend the April 22 hearing in Lima, Ohio.
Angela contends, however, the trial court abused its discretion when it denied her request for a continuance despite her need for additional time to retain counsel. Angela had over three weeks to retain counsel and, at the very least, had three weeks prior to the day of the hearing to request a continuance, she did neither. The circumstances here, as evinced by the record, indicate clearly that the trial court did not abuse its discretion when it denied Angela's eleventh hour request for a continuance on the day of the scheduled hearing. Zuppardo v.Zuppardo (March 7, 1997), Allen App. No. 1-96-58, unreported (denial of continuance on day of hearing not an abuse of discretion when requesting party had two months to secure new counsel); see also, Herman v. Best (Dec. 31, 1997), Union App. No. 14-97-31, unreported (denial of continuance, even if requested in good faith, was not an abuse of discretion where the request was made on day of hearing and the opposing party and court would be inconvenienced).
Accordingly, Angela's sole assignment of error is overruled.
Judgment Affirmed.
SHAW, P.J., and HADLEY, J., concur.