Plaintiff-Appellant, the Village of Mt. Orab, appeals from a decision of the Brown County Court that dismissed a charge of disorderly conduct against defendant-appellee, William T. Unger, for violating his right to a speedy trial. We affirm.
On February 21, 1997, appellee was served with a criminal complaint and summons charging him with disorderly conduct, a minor misdemeanor, in violation of Mt. Orab Codified Ordinances 132.04-(A)(2). On June 20, 1997, a bench trial was held in the mayor's court, and appellee was found guilty of disorderly conduct.
Appellee subsequently appealed his conviction to the Brown County Court and a bench trial was scheduled for July 21, 1997. After appellee failed to appear on two occasions and requested a continuance on another occasion, a pretrial hearing was finally held on September 8, 1997. At the hearing, appellee moved for dismissal of the charge against him arguing that his right to a speedy trial had been violated. On December 31, 1997, the trial court held a hearing and granted appellee's motion to dismiss finding that his right to a speedy trial had been violated.
On appeal, appellant assigns two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO DISMISS WITHOUT ALLOWING THE APPELLANT A REASONABLE CONTINUANCE SO THAT APPELLANT COULD BE REPRESENTED BY COUNSEL
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO DISMISS AS THE TWO CONTINUANCES IN MAYOR'S COURT WERE REASONABLE AND EXTENDED THE TIME WITHIN WHICH TO BRING THE DEFENDANT TO TRIAL.
In the first assignment of error, appellant argues that the trial court erred by failing to grant a continuance for the hearing on appellee's motion to dismiss that was held on December 31, 1997. A trial court has broad discretion when determining whether to grant or deny a motion for a continuance. State v. Unger (1981), 67 Ohio St.2d 65, 67; Sayre v. Hoelzle-Sayre (1994), 100 Ohio App.3d 203, 208. Thus, a trial court's denial of a motion for a continuance will not be reversed absent an abuse of discretion. Id. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In the present case, the record does not show that appellant ever moved for a continuance or informed the trial court of any reasons that would justify a continuance. Further, the record does not contain a transcript of the hearing on appellee's motion to dismiss and does not indicate that the trial court denied a motion for a continuance. Based upon this record, we cannot find that the trial court acted unreasonably, arbitrarily or unconscionably. Accordingly, appellant's first assignment of error is overruled.
In the second assignment of error, appellant argues that the trial court erred by finding that appellee's right to a speedy trial in the mayor's court had been violated. If a defendant is not brought to trial within the time required by R.C. 2945.71 and2945.72, the defendant shall be discharged upon a motion made at or prior to the beginning of his trial. R.C. 2945.73(B). A mayor's court is "a court not of record." Portage v. Belcher (1996), 117 Ohio App.3d 90, 91. If a charge is pending against a defendant in "a court not of record," the defendant must be brought to trial within thirty days after his arrest or the service of summons. R.C. 2945.71(A). However, R.C. 2945.72
provides for circumstances that can extend the statutory period including "[a]ny period of delay necessitated by a removal * * *." R.C. 2945.72(F).
The Supreme Court of Ohio has found that the transfer of a case from a mayor's court to a municipal court constitutes a "removal" within the meaning of R.C. 2945.72(F). Brecksville v. Cook (1996), 75 Ohio St.3d 53, syllabus. "[T]he period of delay necessary to the removal is the time from arrest or summons to the date the mayor's court certifies the case to the municipal court." Id. In order to satisfy the time requirement of R.C.2945.71(A), the mayor's court must certify the case within thirty days after the date of the arrest, and the municipal court must bring the defendant to trial within thirty days from the date of the certification. Id. at 59.
The instant case involves an appeal from a conviction in a mayor's court pursuant to R.C. 1905.22. Upon such an appeal, a county court conducts a trial de novo. R.C. 1905.25. Thus, consistent with the holding in Brecksville, this court has found that the time requirement of R.C. 2945.71(A) applies to both the initial trial in a mayor's court and upon appeal to a county court. See New Richmond v. Schadhauser (Jan. 16, 1990), Clermont App. No. CA89-07-066, unreported; Bethel v. Fiscus (Dec. 26, 1989), Clermont App. No. CA89-05-037, unreported. Accordingly, in order to satisfy the time requirement of R.C. 2945.71(A), the mayor's court must conduct a trial within thirty days after the date of the arrest or the service of summons, and the county court must conduct a trial within thirty days from the date that the record is certified from the mayor's court and the appeal is docketed. Id.
In the present case, appellee was served with a summons on February 21, 1997. Thus, R.C. 2945.71(A) required that appellee be brought to trial in the mayor's court within thirty days of February 21, 1997 unless the time was extended based upon circumstances that fall within R.C. 2945.72. The record from mayor's court, which only consists of the criminal complaint and summons, does not indicate that any continuances were granted much less that the circumstances surrounding such continuances fell within R.C. 2945.72. Therefore, appellant has failed to show that the time limitation contained in R.C. 2945.71 was extended due to circumstances that fall within R.C. 2945.72. See State v. Parsley (1993), 82 Ohio App.3d 567, 571; Brooklyn v. Blake (Oct. 8, 1998), Cuyahoga App. No. 73354, unreported. Further, since appellee was not brought to trial in the mayor's court until June 20, 1997, the trial court properly determined that appellee was not brought to trial within the time required by R.C. 2945.71(A). Accordingly, the trial court did not err by finding that appellee's right to a speedy trial had been violated and dismissing the charge against him. Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.