DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from the Norwalk Municipal Court wherein appellant, Richard F. Davet, was ordered to pay $5,925.75 in attorney's fees to appellee, Michael R. Fegen. The following facts are relevant to this appeal.
 {¶ 2} Appellant retained appellee in June of 1998 to file a complaint for specific performance against a purchaser who backed out of a purchase agreement for real estate owned by appellant. The trial court granted appellant's motion for summary judgment, and ordered specific performance of the purchase agreement. Appellee sent appellant itemized statements detailing the legal work he had done for appellant, which at that time totaled $4,499.75. When appellant did not pay, appellee filed a motion to resign from appellant's case. The trial court initially granted appellee's motion, but then later struck the order granting it because the defendants in appellant's case had filed a notice of appeal.
 {¶ 3} As a result, appellee continued to represent appellant for purposes of preparing for the appeal, and an additional $1,426 in legal fees was accrued by appellant. Appellant's case settled approximately five months later, in December of 1999. Appellee filed a complaint against appellant for unpaid legal fees on June 1, 2001. On July 2, 2001, appellant filed a motion for extension of time to secure counsel, which the trial court granted, giving appellant until August 5, 2001 to file his answer. On August 3, 2001, appellant filed a second motion for extension of time to secure counsel, which stated that he would not request any further extensions of time. There is no judgment entry in the record granting appellant's second motion for continuance. However, appellant's answer, signed by attorney Thomas Dusza and file-stamped August 6, 2001, was accepted by the court.
 {¶ 4} The record further reveals that appellant failed to attend a pretrial hearing that was scheduled for October 11, 2001, and that he presented the court with no excuse for his absence. Apparently appellant's attorney and appellee were in attendance, as was the judge, but appellant never showed up. Dusza filed a motion to withdraw as appellant's counsel on December 17, 2001, which the court granted. Although Dusza requested that the court grant a continuance to allow appellant to obtain new counsel, the trial court denied that request in a judgment entry dated December 17, 2001. On December 18, 2001, appellant filed a motion for a continuance pro se which the court denied, stating that there had been two prior extensions of time filed by appellant.
 {¶ 5} Appellant's bench trial proceeded on the scheduled date of December 20, 2001. At trial, appellant renewed his motion for a continuance in the form of an objection. Appellant argued that he had only been granted one continuance in the matter, and that he wanted that issue clarified for the record. However, the court stated that it had conducted an independent review and found that if appellant's second motion had not been granted, his answer would not have been accepted since it was filed one day past the deadline given in his first extension of time. Following the bench trial, the court granted judgment in favor of appellee in the amount of $5,925.75 on December 27, 2001.
 {¶ 6} On December 31, 2001, appellant filed a motion for findings of fact and conclusions of law with regard to the December 27, 2001 judgment entry. Appellee filed proposed findings of fact and conclusions of law in which he stated that he had a contract with appellant to perform legal services at the rate of $110 per hour, that the services were necessary for the representation of appellant, and that appellant owed $5,925.75 to appellee. Appellant filed objections to these findings and conclusions in which he stated that evidence at trial showed that the $5,925.75 amount included double billings and other erroneous charges. Appellant also stated that he had had no contract with appellee, and asserted numerous other claims concerning appellee's competence as an attorney. On February 14, 2002, the court adopted the findings of fact and conclusions of law appellee proposed.
 {¶ 7} On March 1, 2002, appellant filed a motion to vacate the December 27, 2001 judgment, claiming that it was void ab initio pursuant to Civ.R. 60(B)(1)-(5) because the acting judge in the case failed to take an oath of office. On March 21, 2002, this court granted appellant's motion to remand his case to the trial court in order to have the trial court rule on his motion to vacate. The trial court found in its judgment entry dated April 1, 2002, that there was no reason to have an evidentiary hearing on appellant's Civ.R. 60(B) motion because there is no requirement in the Ohio Revised Code that an acting judge be sworn in to qualify as a judge, and because an acting judge's qualifications cannot be collaterally attacked.
 {¶ 8} On March 14, 2002, appellant filed his notice of appeal with this court in which he appeals the February 14, 2002 judgment entry from the trial court. Appellant asks us to consider the following assignments of error:
 {¶ 9} "FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT HAD NO POWER TO ADJUDICATE THIS CASE BECAUSE THE ACTING JUDGE HAD NOT TAKEN HIS OATH OF OFFICE.
 {¶ 10} "SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION FOR A CONTINUANCE TO RETAIN NEW COUNSEL."
 {¶ 11} Appellant claims in his first assignment of error that the February 14, 2002 judgment entry from the trial court is void because the judge did not take an oath of office. This argument is without merit. Initially we note that appellant produced no evidence that Judge Hauser did not take an oath of office, other than appellant's own affidavit stating that he was told there was no oath by the clerk of court. However, even if we were to presume that Judge Hauser did not take an oath of office, this fact does not render the February 14, 2002 judgment entry void. Appellant did not make an objection as to the qualification of the judge during the proceedings, and as such any objections to an irregularity in the judge's appointment have been waived. See Williamsv. Banner Buick, Inc. (1989), 60 Ohio App.3d 128, 134.
 {¶ 12} Furthermore, the right of a de facto officer to hold office may not be questioned in a collateral proceeding to which he is not a party. Stiess v. State (1921), 103 Ohio St. 33, 41-42.
 {¶ 13} "[W]here an officer holds the office and performs the duties thereof with the acquiescence of the public authorities and the public and has the reputation of being the officer he assumes to be and is dealt with as such, he is, in the eyes of the law, a de facto officer."State ex rel. Witten v. Ferguson (1947), 148 Ohio St. 702, 710.
 {¶ 14} "The law validates the acts of de facto officers as to the public and third persons on the ground that, although not officers dejure, they are, in virtue of the particular circumstances, officers in fact whose acts public policy requires should be considered valid."State, ex rel. Paul, v. Russell (1954), 162 Ohio St. 254, 257.
 {¶ 15} Consequently, appellant's first assignment of error is found not well-taken.
 {¶ 16} Appellant asserts in his second assignment of error that the trial court abused its discretion in denying his third motion for extension of time. This argument is also without merit. A trial court has broad discretion when ruling on a motion for a continuance. Statev. Unger (1981), 67 Ohio St.2d 65, syllabus. Therefore, the trial court's grant or denial of a motion for continuance will not be reversed upon review absent an abuse of discretion. Id. at 67.
 {¶ 17} The Ohio Supreme Court defines abuse of discretion as an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83,87. An abuse of discretion involves far more than a difference in opinion. Id.
 {¶ 18} "In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Id.
 {¶ 19} "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Ungar v. Sarafite (1964), 376 U.S. 575, 589. The trial court balances the court's interest in controlling its docket and the public's interest in an efficient dispatch of justice with the possibility of prejudice to the defendant. Sayre v. Hoelzle-Sayre (1994),100 Ohio App.3d 203, 208. The trial court may consider facts such as the length of the delay requested, prior requests for continuances, the legitimacy of the request for a continuance, whether the moving party contributed to the circumstances which gave rise to the request for a continuance, inconvenience to the parties, counsel, and the court, and "other relevant factors, depending on the unique facts of each case."Unger, supra, at 67-68.
 {¶ 20} In the case before us, appellant was arguably granted two extensions of time previous to his final request, and failed to appear at a pretrial hearing. Under the circumstances, we cannot conclude that the trial court abused its discretion in failing to grant the motion for continuance. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 21} On consideration whereof, the judgment of the Norwalk Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.