DECISION AND JUDGMENT ENTRY
{¶ 1} Charles H. appeals a decision from the Lucas County Court of Common Pleas, Juvenile Division, naming Marie S. as the residential parent and legal custodian of their son. Because we conclude that the trial court acted properly, after finding by clear and convincing evidence that it was in the best interest of the child to have Marie S. named his residential parent and legal custodian, and the trial court was not bound by the recommendation of the guardian ad litem, we affirm.
 {¶ 2} This custody dispute began over five years ago when Charles H. filed for custody of his six year old son, who was living with Marie S., his mother. The couple had never married but had dated over 11 years, since Charles was 19 and Marie was 20. Marie became pregnant in 1991, and although Charles had decided to leave the relationship, the two decided to stay together and raise their son. They attended couples' counseling with a counselor selected by Charles and paid for through his work. At some point, Charles stopped seeing the counselor at the advice of his attorney. Marie and the boy continued their sessions at her own expense. Ultimately, in March 1997, Charles and Marie finally separated and shortly after, Charles began dating Tammy, whom he eventually married in May 1999. In the meantime, Marie had a child with Mark D. in late 1998.
 {¶ 3} When this case began, in December 1997, Marie had temporary custody of the child and Charles had the boy six out of 14 days. Charles sought to be named the residential parent and legal custodian with Marie receiving limited visitation. He had moved to Temperance, Michigan and wanted his son to leave Our Lady of Perpetual Help elementary school in Toledo.
 {¶ 4} After three days of contested hearings stretching through the spring and summer of 1999, Marie was named residential parent and legal custodian. Although the magistrate's recommended disposition of December 21, 1999 matched that to which the parties had temporarily agreed, Charles filed objections. A number of filings were then made by Charles, and several different hearings were held. On February 15, 2001, Judge James Ray ordered that the case be remanded to the magistrate to "articulate findings that specifically justify a decision contrary to the guardian ad litem's recommendation," which suggested that Charles should receive custody. More filings and hearings ensued. Supplemental findings of fact were filed by the magistrate on January 23, 2002. Charles again objected, but the magistrate's entry was affirmed on September 9, 2002.
 {¶ 5} Charles raises a sole assignment of error: "The trial court abused its discretion in naming Appellee residential parent and guardian ad litem custodian of the minor child, * * * without considering the recommendation of the guardian ad litem appointed for the minor child and the evidence adduced at the hearing in this matter."
 {¶ 6} Charles suggests that the guardian ad litem's report, which recommended that he receive custody of his son, mandates the court's decision. To the contrary, a trial court must determine the guardian ad litem's credibility and determine the weight to be given to any report.In the matter of Sydney J. (Sep. 30, 1999), Ottawa App. No. OT-99-026;Kohlman v. Kohlman (Sep. 24, 1993), Ottawa App. No. 92-OT-046. A trial court is not bound by such recommendation. In re Andrew B., 6th Dist. No. L-01-1440, 2002-Ohio-3977, at ¶ 64.
 {¶ 7} Because a trial court has broad discretion in custody determination matters, Trickey v. Trickey (1952), 158 Ohio St. 9, 13-14, we must uphold a custody decision unless there has been an abuse of discretion. Sayre v. Hoelzle-Sayre (1994), 100 Ohio App.3d 203, 210. In other words, unless the decision is unreasonable, arbitrary, or unconscionable, this court will affirm a trial court's custody determination. Miller v. Miller (1988), 37 Ohio St.3d 71, 73-74.[1]
 {¶ 8} Here, there is sufficient evidence to support an award of custody to Marie, despite the guardian ad litem's contrary recommendation. Although Charles argues the custody order is against the child's best interest and is against the manifest weight of the evidence, a review of the record shows this is not so. The record reveals that this custody determination was a close call. Several times during testimony, it was stated how difficult the custody decision was for the guardian ad litem. He had even asked the family's counselor to share session notes with him to assist him as he made his recommendation. The guardian ad litem's recommendation itself was essentially neutral. Ultimately, he stated in his report that the father would be better for the child: "I believe that Father will do a better job fostering Tyler's relationship with Mother because I believe he harbors less resentment and bitterness toward Mother that [sic] she does toward him. I also believed [sic] that Tyler will benefit academically by getting more support with his schoolwork and by living in a more consistent and structured environment." But testimony by both the guardian ad litem and others at the hearing coupled with contents of the entire guardian ad litem report undercut Charles's assertion that an award of custody to Marie was against the manifest weight of the evidence.
 {¶ 9} The magistrate set forth the findings on which she relied in coming to her conclusions. The counselor, who had the most in depth contact with the entire family, recommended that Marie have custody. She had seen the child regularly over a period of years. He was finally doing well in school and was adjusted there. The family lived close and three maternal cousins attended the same school. He had a baby brother. The magistrate found that while the parents had a stormy relationship, both had been good and devoted parents. Both were high school graduates and lifelong residents of Toledo with stable housing and employment. Charles had an associates degree and was continuing college courses. Marie had emotional problems in the past.
 {¶ 10} The primary focus in all child custody matters is the best interests of the child. Miller, supra, at 74-75. A trial court is not limited to a review of specific evidence in determining the best interests of the child but must consider all relevant factors. Davis v.Flicklinger (1997), 77 Ohio St.3d 415, 420. If there is some competent, credible evidence to show that a custody arrangement is not adverse to the best interests of the child, the judgment of the trial court is not against the manifest weight of the evidence. Ross v. Ross (1980),64 Ohio St.2d 203, 204-205; Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, at syllabus.[2]
 {¶ 11} Charles characterizes the hearing testimony as showing that he has a stable loving home, while Marie, a single parent of two children, has a history of emotional instability. He argues that the magistrate's findings are erroneous in light of the guardian's report. The magistrate's findings, however, display an even-handedness in presenting the pros and cons for each parent.
 {¶ 12} Most importantly, the magistrate, in explaining her decision contrary to the guardian ad litem's recommendation, concluded her supplemental findings by stating, "[b]y the final day of the trial on August 26, 1999, a full nine months had elapsed from the publication of the Guardian ad Litem's report and recommendation, and all witnessesreported [the child] to be healthy, well nourished and hygienicallyappropriate seven and one half year old boy." (emphasis added)
 {¶ 13} The magistrate's findings of fact filed December 21, 1999, and the supplemental findings of fact filed January 23, 2002, show the magistrate considered the guardian ad litem's report and all relevant factors, both statutory and otherwise, before recommending that Marie receive custody of the child. Upon review of the record, we find the trial court acted properly and did not abuse its discretion when it ordered that it was in the best interest of the child to have custody awarded to Marie. As a result, Charles's sole assignment of error is overruled.
 {¶ 14} On consideration whereof, we find that substantial justice was done to the party complaining and affirm the judgment of the Lucas County Court of Common Pleas, Juvenile Division. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and Judith Ann Lanzinger, J.
[1] See also, Hurst v. Hurst (Dec. 18, 1998), Wood App. No. WD-97-120.
[2] See also, In the matter of Tenille L. (Apr. 8, 1988), Lucas App. No. L-86-417.