DECISION.
{¶ 1} Plaintiff-appellant Margaret Stricker and defendant-appellee David Stricker were married in 1986 and divorced in 2006. Margaret's appeal challenges the trial court's adoption of a magistrate's decision dividing their assets. Specifically, Margaret challenges the court's decisions (1) to deny her motion for a continuance or for other relief, (2) to overrule her objections to the magistrate's findings, and (3) to deny the motion of her mother, Dorothy Daley, to intervene. We affirm the judgment of the trial court.
 {¶ 2} Four property hearings were held before a Hamilton County magistrate in 2005. Stipulations were made, closing arguments were heard, and proposed findings of fact and conclusions of law were submitted before the magistrate issued a decision in January 2006.
 {¶ 3} In early February 2006, Margaret objected to the magistrate's decision in the domestic relations court. In mid-February, Daley moved to intervene, asserting an interest in marital property that had been awarded to David. Shortly after, David also objected to the magistrate's findings. An objections hearing was scheduled for April 4, but about a week before, Margaret moved for a continuance and/or other relief so that she could file a complete transcript of all four property hearings. Between the magistrate's decision and the objections hearing, counsel had over two months to order a complete transcript of the property hearings, but at the objections hearing, counsel had failed to order the transcript for the fourth property hearing. *Page 3 
 {¶ 4} The trial court decided to jointly resolve the continuance motion, Daley's motion to intervene, and the objections to the magistrate's decision at the April 4 objections hearing. On that day, Margaret appeared for the objections hearing physically possessing a transcript of days one, two, and three of the four property hearings, but she had not filed them. She had also failed to order a transcript of the fourth hearing. The continuance motion was filed so that Margaret could have more time to order the transcript for the fourth property hearing. David argued that further delay would prejudice and inconvenience him.
 {¶ 5} The trial court (1) denied Margaret's motion for a continuance and/or other relief, (2) overruled each party's objections to the magistrate's findings because the hearing transcripts had not been filed, and (3) denied Daley's intervention motion because it was untimely. On April 5, Margaret filed a partial transcript a day late and a transcript short. Margaret now appeals.
I. The Overruled Objections and the Continuance Motion
 {¶ 6} A week before the objections hearing, Margaret moved for a continuance so that a complete transcript could be obtained "if the court deemed it necessary." The trial court denied her motion. A trial court's decision denying a continuance motion is reviewed under an abuse-of-discretion standard, and under that standard, reversal is warranted only where the trial court's attitude was arbitrary, unreasonable, or unconscionable.[1]
 {¶ 7} Margaret based the continuance motion on the fact that a transcript for the fourth property hearing before the magistrate had not been ordered. *Page 4 
Margaret argued that the partial transcripts had not been filed because "[she] didn't want to have the court costs, and [didn't want to have to] do all that stuff until * * * [there was] a ruling on whether [the partial transcript] could be acceptable, and whether [the fourth transcript was necessary]."
 {¶ 8} In response, the court said that "[i]t doesn't make sense to * * * order three days, and not the fourth in the first place." Margaret replied that the transcripts for the first three property hearings were ordered to help prepare for the fourth day, and not for the objections hearing. But the court noted that it did not "know what transpired on the fourth day." Neither did the parties: "I think both parties testified on the fourth day. I don't recall if any other witnesses testified on the fourth day — I just don't recall."
 {¶ 9} Trial courts have broad discretion when ruling on a motion for a continuance,[2] and we are convinced that there was no abuse of discretion either in denying Margaret's continuance motion or in overruling the objections. As the Sayre court poignantly stated, "[T]he trial court balances the court's interest in controlling its docket and the public's interest in an efficient judicial system with the possibility of prejudice to the defendant."[3] In this instance, Margaret contributed to the circumstances giving rise to her continuance motion. To further inconvenience David, by causing continued legal expenses because of her lack of preparation, would have been unfair and would have stifled judicial economy.
 {¶ 10} The hearing was originally scheduled as an objections hearing, but Margaret's counsel successfully piggybacked the continuance motion onto the docket. By failing to file a complete transcript, counsel effectively eviscerated the *Page 5 
court's ability to independently review the proceedings before the magistrate, and her attempt to turn the objections hearing into a continuance hearing was a less than laudable tactic. It was not the duty of the trial court to jointly decide at the objections hearing both the objections to the magistrate findings and what transcripts were necessary — especially when the transcripts that had been available (days one, two, and three) had not been filed.
 {¶ 11} A party objecting to a domestic relations magistrate's decision on the basis that the decision is unsupported by the evidence or contrary to the weight of evidence must submit to the court a typed transcript of all evidence relevant to the findings or order.[4]
Margaret moved for a continuance about a week before the scheduled objections hearing. Her continuance motion basically notified the court that she would be unable to file a complete transcript for the April 4 hearing because she had waited too long to order a transcript of the fourth hearing. That was much too late in the game. Moreover, even if we assume that her objections were supported by the partial transcript, it would have made no difference because those transcripts had not been filed for the April 4 hearing.
 {¶ 12} A trial court may adopt the magistrate's findings of fact without independently reviewing the evidence where the party objecting to the magistrate's decision has failed to provide a transcript of the proceedings.[5] Appellate review of the court's decision is ordinarily to determine whether the trial court abused its discretion in applying the law to the facts.[6] In this case, Margaret filed objections to the magistrate's decision without filing a transcript to support her objections. *Page 6 
Consequently, the trial court was incapable of conducting an independent review, and granting the continuance was not in the interest of judicial economy and was detrimental to David and his counsel. Accordingly, the trial court did not abuse its discretion in overruling Margaret's objections and in denying her continuance motion.
 II. Daley's Intervention Motion {¶ 13} Margaret also assigns error to the trial court's decision overruling Daley's motion to intervene. Civ.R. 75 authorizes a person claiming an interest in property out of which a party seeks a division of marital property to be joined as a party defendant.[7] In any divorce, annulment, or legal separation action, the proper procedure for a nonparty person or corporation to assert an interest in disputed marital assets sought to be divided is through a Civ.R. 75(B)(1) joinder motion. And under this motion the party seeking to be joinedmay be added as a defendant.
 {¶ 14} We initially note that Margaret does not have standing to appeal the denial of Daley's intervention motion, and that she is not an aggrieved party to the trial court's denial of the intervention motion. But even if she did, the trial court got it right. Daley did not move to be joined until after the evidence had been submitted at the property trial, and after the magistrate had issued a decision on the division of household goods and furnishings. Daley should have known that she could have had an interest in the goods and furnishings, but she failed to promptly assert her alleged interest. *Page 7 
 {¶ 15} We hold that Margaret does not have standing to appeal the joinder ruling; and even if we assume standing, the trial court correctly found that Margaret's mother's motion was untimely.
 {¶ 16} For the foregoing reasons, we hold that the trial court did not abuse its discretion in denying Margaret's continuance motion, in overruling both Margaret's and David's objections, and in denying the mother's intervention motion. The trial court's judgment is, accordingly, affirmed.
Judgment affirmed.
HENDON and CUNNINGHAM, JJ., concur.
[1] See State v. Unger (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078; see, also, Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[2] See Sayre v. Hoelzle-Sayre (1994), 100 Ohio App.3d 203, 208,653 N.E.2d 712.
[3] See id.
[4] See Loc.R. 8.1 of the Hamilton County Common Pleas Court, Domestic Relations Division; see, also, Civ.R. 53(E)(3)(C).
[5] Wilson v. Wilson (Sept. 30, 1996), 12th Dist. No. CA96-02-014, citing State ex rel. Duncan v. Chippewa Twp. Trustees,73 Ohio St.3d 728, 1995-Ohio-272, 654 N.E.2d 1254.
[6] See Duncan, 73 Ohio St.3d at 730.
[7] See Civ.R. 75(B)(1). *Page 1