OPINION
{¶ 1} Respondent-appellant Wilhelmina J. Klosterman ("Klosterman") brings this appeal from the judgment of the Court of Common Pleas of Mercer County denying her motion to continue and granting a civil protection order to petitioner-appellee Joel A. Slusser ("Slusser"). For the reasons discussed below, the judgment of the trial court is reversed.
 {¶ 2} Klosterman and Slusser were married, but obtained an annulment soon afterwards. Although the parties had the marriage annulled, they continued a business relationship as partners in a real estate limited liability partnership. On November 1, 2007, Klosterman filed a petition for a domestic violence civil protection order ("CPO") against Slusser and it was assigned case number 07-DV-013. An ex parte order was granted and a full hearing was set for November 20, 2007. On November 20, 2007, Klosterman appeared for the hearing with counsel. Klosterman was informed that Slusser filed a petition for a CPO against Klosterman and was assigned case number 07-DV-017. Both cases were scheduled for a hearing on December 4, 2007, in the interest of judicial economy.
 {¶ 3} On December 4, 2007, Klosterman appeared for the dual hearings. She notified the court that she had obtained new counsel, but that her counsel could not appear that day. Klosterman then requested a continuance. The trial court granted the continuance in case number 07-DV-013, but denied it in case *Page 3 
number 07-DV-017. The trial court's basis for the denial was that Klosterman was not entitled to court appointed counsel. The trial court required Klosterman to proceed pro se. At one point in the hearing, counsel for Slusser requested to approach the bench. The trial court and Slusser's attorney then proceeded to have an ex parte communication during the proceedings. The trial court subsequently granted Slusser's CPO petition and notified Klosterman that the trial court would contact her counsel to set a date for the hearing in case number 07-DV-013. Klosterman appeals from this judgment and raises the following assignments of error.
 First Assignment of Error The trial court erred in denying [Klosterman's] motion for continuation to obtain counsel
 Second Assignment of Error The trial court committed reversible error in holding side bar conferences with opposing counsel and excluding [Klosterman] pro se from said conferences.
 Third Assignment of Error The trial court abused its discretion in continually sustaining opposing counsel's objections during cross and direct examination by [Klosterman].
 Fourth Assignment of Error The trial magistrate committed reversible error in obtaining the judge's signature immediately upon conclusion of the hearing. *Page 4 
 {¶ 4} In the first assignment of error, Klosterman claims that the trial court erred in denying her motion for a continuance.
 The decision whether to grant a continuance is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. State v. Unger (1981), 67 Ohio St.2d 65, 67, 423 N.E.2d 1078, 1080; Sayer v. Hoelzle-Sayer (1994), 100 Ohio App.3d 203, 208, 653 N.E.2d 712, 715, appeal dismissed as improvidently allowed, (1995), 72 Ohio St.3d 1218, 651 N.E.2d 430. An abuse of discretion connotes an unreasonable, arbitrary or unconscionable attitude on part of the trial court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
Wise v. Brenneman (Sept. 10, 1998), Allen App. No. 1-98-22. Thus, the question before this court is whether the decision of the trial court was unreasonable, arbitrary or unconscionable.
 {¶ 5} A review of the record in this case indicates that the trial court sua sponte continued case no. 07-DV-013 once because it was more convenient to the trial court. However, no continuance in 07-DV-017 had previously been entered. In deciding to grant the continuance in 07-DV-013, but deny it in 07-DV-017, the trial court undid the very reason for which it continued case no. 07-DV-013, that of judicial economy. By denying the motion to continue 07-DV-017 while granting the continuance in 07DV-013, the court required both parties to return a second time (in 07-DV-013) and to replicate evidence which was then only presented in 07-DV-017. Thus judicial resources were wasted. *Page 5 
 {¶ 6} The reason the trial court gave for denying the request was that Klosterman had no constitutional right to appointed counsel. This court does not dispute that conclusion. However, Klosterman was not requesting appointed counsel. Klosterman stated that she had an appointment on December 10, 2007, to meet with counsel who had already agreed to take the case. Tr. 3. Thus, Klosterman was merely asking for a continuance in order for her retained counsel to have time to prepare the case. This purpose is one of the reasons anticipated by the statute as a justifiable reason for granting a continuance. R.C. 3113.31(D)(2)(a)(iii)[1] . This court notes that the ex parte order filed on November 20, 2007, was effective until February 20, 2008. This means that there was still plenty of time to hold the full hearing before the expiration of the order. This court also notes that between the November 20, 2007, filing and the December 4, 2007, hearing date, Thanksgiving and all of the likely holiday related delays occurred.
 {¶ 7} Given the fact that the trial court agreed to continue one of the reciprocal CPO's, Slusser would not have been prejudiced by granting the continuance to both hearings. Slusser still had to appear at the new hearing anyway. Thus, the trial court did not prevent prejudice by denying the motion. *Page 6 
Instead, the trial court prejudiced Klosterman by denying her reasonable request to continue both hearings until her counsel could be present. This was the first continuance requested by Klosterman and good cause for the delay was provided. The decision to split the hearings and require Klosterman to proceed without counsel in one case while having counsel in a related case was arbitrary. Therefore, the first assignment of error is sustained.
 {¶ 8} The second assignment of error alleges that the trial court erred by holding ex parte communications. A review of the record clearly indicates that Slusser's counsel asked to approach the bench and a side bar was held which excluded Klosterman. This court notes that this matter was tried to the court and no jury was present. Thus, this court sees no reason for such side bar and does not condone ex parte communications during the hearing. However, since the trial court erred in denying the motion to continue, a new hearing must be held. Thus, the question of whether the ex parte communication was reversible error is moot.
 {¶ 9} The third and fourth assignments of error allege that the trial court erred in sustaining Slusser's objections to cross-examination by Klosterman and that the trial court erred in having the judge immediately sign the order without time for objections to be filed. Having sustained the first assignment of error, the *Page 7 
matter will be remanded for a new hearing. Thus, the third and fourth assignments of error are moot and need not be addressed by this court.
 {¶ 10} This court notes sua sponte an additional issue that must be resolved by the trial court. In both petitions filed in 07-DV-013 and 07-DV-017 respectively, the parties allege that they are former spouses. However, in the statement of facts provided by Klosterman and not disputed by Slusser, the marriage is said to have been annulled. "An `annulment' differs from a divorce in that a divorce terminates a legal status, whereas an annulment establishes that a marital status never existed." Black's Law Dictionary (6 Ed.Rev.1990) 91. If the marriage has been annulled, the stated relationship permitting the CPO, i.e. the status of former spouse, may not exist. Other permitted statuses may exist, but none are claimed. This court leaves this matter for the trial court to determine.
 {¶ 11} The judgment of the Court of Common Pleas of Mercer County is
reversed and the matter is remanded for further proceedings.
Judgment Reversed and Cause Remanded.
 PRESTON and ROGERS, J.J., concur.
[1] This court also notes that the statute states the full hearing shall be held within seven days of the ex parte hearing unless a continuance is granted. The trial court was already outside of that deadline when it scheduled the matter for Dec. 4, 2007. *Page 1