[Cite as *J.L. v. T.L.*, 2016-Ohio-7109.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

James Legg                                    Court of Appeals No. WD-16-019

　　　　Appellant                           Trial Court No. 2012DS0139

v.

Tiffany Legg                                  **DECISION AND JUDGMENT**

　　　　Appellee                            Decided:　September 30, 2016

* * * * *

Michael B. Kelley, for appellant.

* * * * *

**YARBROUGH, J.**

## I. Introduction

**{¶ 1}** Appellant, J.L. ("father"), appeals the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, granting appellee's, T.L. ("mother"), motion to terminate shared parenting and change custody. Finding no error, we affirm.

## A. Facts and Procedural Background

{¶ 2} Father and mother were married in April 2010, and had three children together. In October 2012, the parties were divorced and father was named the residential parent and legal custodian of the children. At that time, mother was awarded parenting time pursuant to a shared parenting plan that was attached to, and made part of, the trial court's decree of dissolution. Under the shared parenting plan, father and mother would rotate time with the children every five days. Due to the shared parenting arrangement, no child support was ordered.

{¶ 3} Almost three years later, on July 1, 2015, mother filed a motion to terminate the shared parenting plan and for a change of custody. In the motion, mother alleged that father had been charged with several offenses since the decree of dissolution was issued, including operating a vehicle under the influence, possession of drug abuse paraphernalia, failure to reinstate license, disorderly conduct, possession of marijuana, and speeding. In light of this alleged change in circumstances, mother asserted that the shared parenting plan should be terminated and she should be named the residential and custodial parent.

{¶ 4} A hearing on mother's motion was held before a magistrate on November 18, 2015. Several witnesses testified at the hearing, including father, father's fiancé, father's friend, mother, and mother's husband. In general, the testimony offered at the hearing centered on father's promotion and usage of marijuana, as well as his criminal record. While father admitted to using marijuana, he insisted that he never used drugs around the children, and also stated that he recently stopped using marijuana for the

2.

children's sake. Father also conceded that he had driven the children without a valid driver's license to drop them off to mother. After hearing the evidence presented at the hearing, the magistrate took the matter under advisement.

{¶ 5} Two weeks later, the magistrate issued her decision. In the decision, the magistrate found that a change of circumstances had occurred since the trial court issued its decree of dissolution. Consequently, the magistrate modified the prior custody arrangement by naming mother as the residential parent and ordering father to pay child support in the sum of $354.31 per month.

{¶ 6} Taking issue with the magistrate's decision, father filed his objections with the trial court, in which he argued that the decision was unlawful because there had been no change in circumstances that would warrant a modification of the prior custody order under R.C. 3109.04. Father also argued that a change in custody was not in the children's best interests.

{¶ 7} After receiving mother's response to father's objections, the trial court issued its decision on March 25, 2016, in which it found that "the magistrate properly found a change of circumstances and that the advantages of a change in environment is warranted." Thus, the court rejected father's objections and adopted the magistrate's decision. Father's timely appeal followed.

## B. Assignments of Error

{¶ 8} On appeal, father assigns the following errors for our review:

3.

I.  The trial court erred when it erroneously found that a change of circumstances had occurred, and when it found that the harm caused by a change of environment was outweighed by the advantages.

II.  The trial court erred when it failed to properly apply the best interest of the minor children factors as articulated on O.R.C. 3109.04.

III.  The trial court erred by abusing its discretion when it named Appellee the residential parent of the parties' minor children as the court erroneously found a change of circumstances/that the advantages of a change outweighed the harm, did not properly apply the best interest factors, and did not properly consider the facts in evidence especially the court investigator's report and recommendations.

## II.  Analysis

{¶ 9} Modification of a decree allocating parental rights and responsibilities is governed by R.C. 3109.04(E)(1)(a), which states in relevant part:

The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.  In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior

shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

* * *

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶ 10} Additionally, it is well-established that in order to be considered a requisite change in circumstances so as to trigger best interest analysis, an asserted change must be demonstrated to be "of substance, not a slight or inconsequential change." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). We review the trial court's determination concerning an alleged change in circumstances for an abuse of discretion. Therefore, such decisions may not be reversed absent a finding that the court's judgment was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} In his first assignment of error, father argues that the trial court erred when it found that a change of circumstances had occurred, and that the harm caused by a change of environment was outweighed by the advantages. Specifically, father asserts that his drug use was nothing new since it was known to the trial court prior to the dissolution. Further, father contends that his "criminal behavior and anger issues were not new as they also existed prior to the dissolution."

{¶ 12} Having reviewed the testimony from the hearing on mother's motion, we find that father's articulation of the facts is incomplete. Indeed, father agreed at the hearing that the criminal activity with which he was charged took place after the

5.

dissolution. Further, father recalled transporting the children to mother's house without a license on at least one occasion since March 2015, several years after the dissolution. Concerning his promotion of drug usage and his image as a rap artist, father admitted to posting a video depicting him passing out marijuana joints to a crowd of people at a Checkers restaurant. When asked about the timing of the video, father indicated that it was posted sometime in 2015. Father also acknowledged that he allowed two individuals to reside in his home, one of which was previously convicted of a sex crime and the other a recovering heroin addict. When pressed about the nature of the sex crime, father was unable to rule out the possibility that the victim was a juvenile. Further, father indicated that the crime involved the use of a firearm.

{¶ 13} In light of the foregoing, we cannot say that the trial court abused its discretion when it found a change of circumstances had occurred in this case. Further, given the nature of the aforementioned incidents that took place since the dissolution, some of which resulted in criminal charges or unlawful activity, we cannot say that the trial court abused its discretion by finding that the harm likely to be caused by a change of environment was outweighed by the advantages of the change of environment. Accordingly, father's first assignment of error is not well-taken.

{¶ 14} Having found that the trial court did not abuse its discretion in finding a change of circumstances, we now turn to father's second assignment of error, in which he contends that the trial court erred when it found that a change in custody was in the children's best interests under R.C. 3109.04.

6.

**{¶ 15}** A trial court's conclusion concerning whether a change in custody is in the best interests of the children under R.C. 3109.04(F)(1) is reviewed for an abuse of discretion. *Jones v. Jones*, 6th Dist. Lucas No. L-10-1044, 2012-Ohio-2225, ¶ 13, citing *Sayre v. Hoelzle-Sayre*, 100 Ohio App.3d 203, 210, 653 N.E.2d 712 (3d Dist.1994). Moreover, it is the trial court that must determine factual disputes and weigh the testimony and credibility of witnesses, and this court will not entertain those tasks on appeal. *Id.*

**{¶ 16}** Upon our thorough review the record of the trial court proceedings, it is clear that the court considered all of the factors relevant to this case in determining the children's best interests. The court seemed particularly concerned about father's admitted drug use and decision to allow a convicted sex offender and a heroin addict to reside in the home. The court also considered that mother's normal work hours would not interfere with parenting time, while father's second shift work schedule limits the time he is available for the children to one to two hours per day, excluding the weekends. Moreover, the court noted father's admission to driving the children to exchange them with mother without having a valid driver's license. These concerns are rooted in testimony given at the change of custody hearing.

**{¶ 17}** In light of these concerns and the deference we must give to the trial court's resolution of factual disputes and credibility issues, we find that the trial court did not abuse its discretion in finding that a change in custody was in the children's best interests. Accordingly, father's second assignment of error is not well-taken.

7.

**{¶ 18}** In father's third assignment of error, he asserts that the trial court abused its discretion when it named mother the residential parent of the children. In this assignment of error, father essentially restates the arguments he raised in the first two assignments of error, namely that the trial court abused its discretion in finding that a change in custody was warranted based upon a change in circumstances and the children's best interests. Having already found no merit to those arguments, we find father's third assignment of error not well-taken.

### III. Conclusion

**{¶ 19}** The judgment of the Wood County Court of Common Pleas, Domestic Relations Division is affirmed. Costs are hereby assessed to father in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J. _____        _____
                                                                 JUDGE

Thomas J. Osowik, J. _____

                                                      _____

Stephen A. Yarbrough, J. _____                                      JUDGE
CONCUR.

                                                        _____
                                                  JUDGE

8.